428 P.2d 134

**Alex BEDEL, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and Southern Builders Incorporated of Arizona, Respondents.**

**No. 1 CA–IC 118.**

Court of Appeals of Arizona.

June 5, 1967.

Donald J. Morgan, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Donald L. Cross, Phoenix, for respondent Industrial Commission.

DONOFRIO, Judge.

The case is before this court by a writ of certiorari granted on application of the petitioner, Alex Bedel, to review an Award and Findings of the Industrial Commission of Arizona.

The petitioner suffered from a bronchial condition prior to the date of the industrial accident on December 1, 1964. He was subjected to large quantities of cement dust on that date, in the course and scope of his employment as a foreman in the concrete and cement industry, which resulted in the acute aggravation of his bronchial condition. It is admitted that this constituted an accident within the statutory definition. Petitioner's case was accepted by the Commission, and he was provided with accident benefits, including major surgery (exploratory thoractomy) to determine whether or not there was cancer present in the lung. (Cancer was negatived by the operation).

Petitioner's benefits had been suspended by a Report of Commission's Actions issued April 29, 1965. This Report was rescinded on August 19, 1965 following the thoractomy and the doctor's report of negative cancer findings and statement that the coughing of blood (hemoptysis) and the suspicious cells for malignancy on the bronchial washings were the result of the dust inhalation due to petitioner's employment. The surgery also resulted in the removal of petitioner's right 5th rib. The petitioner was restored to benefits.

A medical consultation board was convened on February 4, 1966. The board found that the dust inhaled, "could have been and perhaps was" an aggravating factor in petitioner's pre-existing chronic bronchitis. They concluded that with fourteen months of freedom from such exposure, this was no longer an aggravating factor. They found no ventilatory incapacity, and stated that if petitioner wore an air filtration protective device he could return to normal levels of activity. The final paragraph of the report reads:

"Finally, it is the opinion of the consultants this man's condition has certainly been stationary over the past fourteen months and no further responsibility or medical management is indicated with

regard to the incident of December 1, 1964."

The Commission entered its Findings and Award for Temporary Disability on February 18, 1966, awarding accident benefits and compensation for temporary disability. Petitioner requested a hearing, which was held June 22, 1966. An Award was issued August 22, 1966, affirming the Award of February 18, 1966. The question before this Court is whether that award is reasonably supported by the evidence before the Commission.

■ We must examine the evidence in the light most favorable to sustaining the Award of the Commission in deciding this question. Donaldson v. Industrial Commission, 2 Ariz.App. 172, 407 P.2d 111 (1965).

The evidence is uncontroverted that the petitioner suffered from a bronchial condition prior to the industrial accident, and that the accident caused an aggravation of that condition. It is also uncontroverted that the bronchial condition will never be cured, that is, that petitioner's lung condition will never return to normal. The issue is whether the petitioner's present disability is causally related to the industrial accident.

Petitioner alleges that his disability is twofold: that he is disabled because of his bronchial condition, and that he is disabled as a result of the aftereffects of the exploratory surgery.

The petitioner's attending physician testified as follows:

"Q But assuming that a person had been removed from such irritant for 14 months and still had similar complaints and a similar bronchiatric condition, would you say that the bronchiatric condition still exists independently of such irritant?

"A Oh, yes, I would say that it existed independently of continued irritants, but I don't think we could conclude from this that the irritant didn't produce it, or at least be an aggravating factor. In other words,

I think the changes that occur, to a certain extent, at least, are irreversible.

"Q Well, is it your contention that the exposure to dust left a permanent mark on this particular claimant?

"A No, I don't think I could actually make that conclusion. The only thing I can conclude is that it's possible. I don't think I can say that it did."

Dr. Max Taylor, representing the medical consultation board, testified:

"Q Now, did this aggravation (of petitioner's chronic bronchitis by the dust in his working environment) continue up to the time of the surgery, according to your examination and treatment?

"A Well, I don't think the aggravation continued because I don't believe he was working all that time. It continued as long as he was working.

\*    \*    \*    \*    \*    \*

"Q But is this aggravation more or less of a temporary nature? In other words, every time there is a bit of dust there will be an aggravation, but if you get away from the dust a little bit then the aggravation would cease?

"A It's going to cease; whether it will cease entirely or not, at least the acute episode is going to cease, yes.

\*    \*    \*    \*    \*    \*

"Q In other words, was it your opinion that the effects of that particular aggravation had worn off?

"A Yes."

There was no medical testimony touching upon the question of whether or not petitioner suffered a disability as the aftereffect of the surgery.

■ The burden of proof is upon the petitioner to show affirmatively by the evidence, not only that the injury might have produced the disability, but that it did in fact produce it. Wheeler v. Industrial

Commission, 94 Ariz. 199, 382 P.2d 675 (1963). The petitioner has not met this burden of proof. When the results of an industrial accident are not clearly apparent to the layman, the causal relationship between the accident and the petitioner's physical condition must be determined by expert medical testimony. In this case there was no affirmative medical testimony that a causal relationship existed between the accident and the petitioner's disability. The medical board report stated the conclusion the board reached, that there was no further responsibility or medical management indicated as a result of the accident of December 1, 1964. The evidence supports the Award and Findings of the Commission.

CAMERON, C. J., and STEVENS, J., concur.