463 P.2d 104

Ethel Margaret BEDEL, Widow, Alex Bedel, Deceased, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Southern Builders, Inc., of Arizona, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 271.

Court of Appeals of Arizona, Division 1.

Department A.

Jan. 5, 1970.

**210**

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Donald L. Cross, Phoenix, for respondent Carrier State Compensation Fund.

STEVENS, Judge.

In December 1964 Alex Bedel sustained a compensable industrial injury when he inhaled cement dust resulting in an acute aggravation of his chronic bronchitis. He was awarded temporary disability. The final hearing on his claim was held on 22 June 1966 and the final award was entered on 22 August 1966. The award found an absence of permanent physical functional impairment causally related to the December 1964 incident. This Court affirmed the award in Bedel v. Industrial Commission, 5 Ariz.App. 470, 428 P.2d 134 (1967). Mr. Bedel died on 28 October 1967 and the matter now before this Court is the claim of his widow. She urges that the cancer which caused her husband's death was causally related to the 1964 cement dust inhalation. The award of The Industrial Commission denied her claim for compensation.

■ The claim of the widow is independent of the claim of her husband, that is, the adjudication entered in the husband's claim is not res judicata of the rights of the widow. See Magma Copper Company v. Naglich, 60 Ariz. 43, 131 P.2d 357 (1942), which opinion also had for its consideration a widow's claim. The facts therein disclose that the husband was injured on 12 February 1940. The claim was accepted by The Industrial Commission. Following surgery, he died on 21 January 1942. The Industrial Commission awarded compensation to his widow and that award was taken to the Arizona Supreme Court for review. The Supreme Court stated:

"* * * We hold, therefore, that while findings and awards unappealed from are *res adjudicata* against both the employer and the injured workman who were parties to the award, they are not *res adjudicata* when dependents are endeavoring to establish their right to death benefits." (Emphasis Theirs.)

The Court further stated:

"We consider next the question of whether there is evidence sufficient to support the award made to the widow and minor child. To do this it must appear by competent evidence that the accident and injury received by deceased on February 12, 1940, set in motion a chain of circumstances which ultimately caused his death."

■ The question before us is whether the evidence presented to the Commission reasonably supports its decision that there was an absence of sufficient proof of a causal relationship between the 1964 cement dust aggravation of Mr. Bedel's chronic bronchitis and the lung cancer which was the direct cause of his death.

The presence of causal relationship in this matter must be established by medical evidence. In our opinion a detailed discussion of the evidence would not add to the value of this opinion as precedent. Our examination of the medical testimony has convinced us that there was evidence presented to The Industrial Commission from which the Commission could reasonably conclude that Mrs. Bedel had not established the necessary causal relationship.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.