472 P.2d 78

Vernon L. BUCKHALTER, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

The Borden Company, Respondent Employer, State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 358.

Court of Appeals of Arizona, Division 1, Department A.

July 2, 1970.

Rehearing Denied Sept. 25, 1970.

Review Denied Nov. 10, 1970.

Morgan & Jerome, by D. A. Jerome, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Courtney L. Varner, Phoenix, for respondent carrier State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review a findings and award for temporary disability issued by the Industrial Commission on 31 October 1969 which held that the petitioner suffered no permanent disability as the result of an industrial accident which occurred 24 December 1966.[1]

 We are called upon to determine whether the evidence reasonably supports the finding of the Commission that petitioner's ear infection was not industrially related.

The facts necessary for a determination of this matter on appeal are as follows.

The petitioner applied for employment with the respondent Borden Company in August of 1966. A pre-employment physical was given at that time which disclosed that the applicant had a "draining right ear canal" and some impairment of hearing in both ears. The said drainage was not sufficient to disqualify applicant from employment.

Although petitioner was hired as a truck driver, he started out in the "cold-room" of the respondent company where milk and other products are stored and where the temperature is kept between 33° and 36°. He later became a regular truck driver and would work for approximately 45 minutes a day in the cold-room loading the truck and the rest of the time driving.

On 24 December 1966, petitioner was injured when three milk cartons fell on his ankle causing a rather painful injury. After this time petitioner also sought medical attention for his ear infection and was treated for that condition. The Commission denied compensation for the ear infection and the applicant petitioned for hearing. Two hearings were held. At these hearings, three medical doctors testified. Dr. Milstein, a specialist in eye, ear, nose, and throat, testified at the first hearing:

"Q You would say with medical reasonable certainty that under the conditions and circumstances * * * such cold exposure would definitely aggravate such a condition?

"A Yes.

"Q And it would worsen such a condition?

"A Yes."

At the second hearing, Dr. Milstein testified:

"Q And you think to a reasonable degree of medical probability it would aggravate this condition?

"A Yes."

Dr. Shupe, a general practitioner who was the examining physician when peti-

---

1. This case was decided under the law as it existed prior to 1 January 1969.

tioner applied for the job, testified that he could not state whether the cold would or would not aggravate the ear condition. Dr. Thoeny testified extensively and as follows:

"Q Would you be able to state to a reasonable degree of medical probability whether or not the exposure to cold he did have during the course of his employment activities would aggravate this situation?

"A I think not. I would agree with Dr. Shupe's testimony that this is not a common cause for aggravation in this sort of situation."

The issue to be determined is stated in the Referee's Report of 28 January 1969:

"The issue to be determined in this matter is whether the infection in applicant's right ear was aggravated in the course of and arising out of his employment."

We agree. Whether or not there is a causal connection in a matter of this kind, lies entirely within the province of the medical authorities. Where the result of an injury is not obvious, such as the loss of an arm or foot, medical testimony is necessary to establish the industrial injury and the extent thereof, Lowry v. Industrial Commission, 92 Ariz. 222, 375 P.2d 572 (1962), Bedel v. Industrial Commission, 5 Ariz.App. 470, 428 P.2d 134 (1967), and where the case calls for expert testimony, as here, we will not substitute our opinion for that of the Commission in resolving conflicts in the expert testimony. Frizzell v. Industrial Commission, 6 Ariz.App. 293, 432 P.2d 152 (1967).

We therefore hold that the decision of the Commission in determining that petitioner's ear infection was not casually related to the job is reasonably supported by the evidence.

Award affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.