489 P.2d 273

**Alejandro A. ZAZUETA, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Murray J. Shiff Construction Company, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 530.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 13, 1971.

Rehearing Denied Oct. 28, 1971.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for Respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Dee-Dee Samet, Phoenix, for respondent carrier.

DONOFRIO, Judge.

This case is before the Court by writ of certiorari to test the lawfulness of an award and findings of The Industrial Commission of Arizona issued July 22, 1970, limiting the petitioner's compensation to a temporary disability award.

Petitioner was injured on February 22, 1963, at the age of 61 years, when he hurt his back while lifting cement forms. On June 3, 1963, the Commission issued an award for temporary disability with no permanent disability. This award became final.

On March 8, 1965, a petition to reopen was filed, alleging new disability. This was denied, and several petitions for rehearing were filed, resulting in hearings held in Tucson on May 3, 1966, and November 1, 1966. In December 1966 the Commission issued an award, again for temporary disability, and a writ of certiorari was brought to this Court. The case was remanded to the Industrial Commission and one more hearing was held, petitioner for the first time being represented by counsel.

The question before the Court is whether the petitioner sustained his burden of proving a permanent disability causally related to the accident. It is the opinion of the Court that he did not do so.

Our Supreme Court has stated:

"* * * [U]nless the result of an accident is one which is clearly apparent to the ordinary layman, such as the loss of a limb or a visible external lesion, the question as to the physical condition of a petitioner after an accident and the causal relation of the accident to such condition can usually be answered only by expert medical testimony. * * *" Caekos v. Stanley Fruit Co., 55 Ariz. 72 at 75; 98 P.2d 471 at 472 (1940).

See also Buckhalter v. Industrial Commission, 12 Ariz.App. 467, 472 P.2d 78 (1970); Bedel v. Industrial Commission, 5 Ariz.App. 470, 428 P.2d 134 (1967); Lowry v. In-

dustrial Commission, 92 Ariz. 222, 375 P.2d 572 (1962).

We have reviewed the transcript of the medical testimony in this case, and we find that it does not indicate a causal relationship between the industrial injury and the petitioner's complaints.

Petitioner was seen by Dr. Murlin Nester on February 25, 1963. The doctor indicated that he did not anticipate any permanent disability.

Dr. John Sampsel testified that he first examined petitioner on March 2, 1965, and made the diagnosis that petitioner suffered from cervical osteoarthritis. Petitioner's original injury had been diagnosed as being in the lumbar area. Dr. Sampsel stated that petitioner had some back complaints but that when he saw him his neck was giving him more of a problem. It was Dr. Sampsel's opinion that the petitioner's cervical problems were not industrially related, and that the symptoms in his back and neck were consistent with the degree of arthritis seen on X ray. Dr. Sampsel felt that the arthritis was a preexisting condition which had been exacerbated by the accident.

Dr. J. Wright Cortner examined the petitioner on April 11, 1963, and diagnosed a mild sprain of the low back. Dr. Cortner was a member of the consultation board which found no relationship between petitioner's complaints and the industrial accident.

Dr. Stanley Kitt examined petitioner in January 1966, and was of the opinion that he had an unstable back due to arthritis of the spine.

Dr. Cortner testified at the hearing in 1966, reiterating his conclusion that the petitioner demonstrated no residuals or disability from the industrial injury. He related petitioner's complaints to his osteoarthritic condition, and stated that the accident had temporarily aggravated the arthritis, but the aggravation had ceased.

Prior to the hearing petitioner had an operation for the removal of a lipoma, a fatty tumor, which all of the doctors who testified agreed was not industrially related.

Following the remand of the case to the Commission from this Court, a hearing was held in July of 1968. Petitioner had counsel at that time and had opportunity to enlarge upon the medical evidence in order to sustain his burden of proving a causal relationship. Instead, petitioner presented many lay witnesses who testified to his disabled condition, but were unable to relate it to the industrial accident, not being medical experts.

Petitioner has alleged unfairness in the treatment of his case because of his language difficulties, and because he was not represented by counsel. It is to be noted, however, that after the remand petitioner was represented, and was given every opportunity to present evidence in furtherance of his claim.

Under these circumstances, we feel that the award of the Commission is reasonably supported by the evidence, in that petitioner failed to sustain his burden of proving a causal relationship between his alleged disability and the industrial accident.

The award is affirmed.

STEVENS, P. J., and CASE, J., concur.