489 P.2d 1214

William MASTERS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Acid Delinters, Inc., Respondent Employer,

State Compensation Fund, Respondent Insurance Carrier.

No. I CA–IC 490.

Court of Appeals of Arizona, Division 1.

Oct. 26, 1971.

Rehearing Denied Nov. 18, 1971.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Arthur B. Parsons, Phoenix, for respondents Employer and Carrier.

HATHAWAY, Judge.

This case is before the court on writ of certiorari filed pursuant to A.R.S. § 12-120.21, subsec. B as amended, to review the lawfulness of Findings and Award for Temporary Disability entered by the Industrial Commission of Arizona 15 May 1970.[1] Petitioner's only claim is that the evidence clearly shows he has received a permanent injury from his industrial accident and the award for temporary disability must be set aside.

Petitioner, William Masters, injured his back while handling sacks of seed on 23 January 1967. His injury was accepted as compensable but benefits were terminated as of 30 October 1967 on the basis that his condition had become stationary without permanent residual impairment. Masters, however, has continued to complain of a pain in his back and has not returned to work since the accident.

Hearings were held and testimony of at least six doctors was that Masters suffered no permanent physical disability. X-rays were taken which revealed that he did have an underlying back disease not uncommon to workers engaging in physical labor over a period of years. The attending physician, Dr. Edward Conn, an orthopedic surgeon, testified that when he last examined Masters, "the only residual pain that he had was a result of his underlying back disease and not a result of the accident." There is no evidence that the back disease was permanently aggravated by the accident.

On appeal, petitioner bases his argument solely on the testimony of Dr. Robert Z.

---

1. This case was decided under the law as it existed prior to 1 January 1969.

Collings, Jr., a general practitioner. Dr. Collings saw Masters in Casa Grande, Arizona, some time after the temporary disability award of 10 November 1967, apparently at the request of county welfare for inability to work. Dr. Collings, in substance, testified that Masters has developed a psychological lack of motivation to work due to his alleged injury and as a result had convinced himself emotionally that he is unable to work. In Dr. Collings' opinion the condition is disabling and "has become an integral part of his personality which also keeps the spasm in his back active at all times."

Petitioner contends Dr. Collings' testimony clearly establishes permanent disability, is undisputed and was not considered by the referee in finding temporary disability. Specifically, he claims the referee did not consider the possible mental disability and therefore the case is controlled by Sproul v. Industrial Commission, 91 Ariz. 128, 370 P.2d 279 (1962) requiring the award to be set aside for incomplete findings. We disagree.

▮ We agree that the findings of the Commission must dispose of all material issues involved. Foster v. Industrial Commission, 46 Ariz. 90, 47 P.2d 428 (1935). But in this respect we do not find the referee's report lacking. The report, upon which the Commission's award was based, in pertinent part reveals:

> "That applicant did not sustain any permanent physical *or mental* disability as a result of the industrial accident January 23, 1967." [Emphasis added]

Regarding petitioner's claim that the referee did not consider the testimony of Dr. Collings, the referee further stated:

> "At a hearing held in Casa Grande, Arizona, Dr. Collings of Casa Grande and Dr. Holmes of Eloy both testified that while applicant always complained of pain, when he did not know he was being watched he seemed to move much more sprightly."

It is clear that the referee considered in full the testimony of Dr. Collings.

▮ There is no question that this injury was not reasonably apparent to a layman and medical testimony had to be relied upon by the referee. Bedel v. Industrial Commission, 5 Ariz.App. 470, 428 P.2d 134 (1967). Petitioner, relying on Smith v. Martin Marietta Corp., 2 Ariz.App. 111, 406 P.2d 746 (1965) contends the testimony is undisputed and is therefore controlling. We note, however, the Commission's responsibility is to consider the medical findings rather than the conclusions of a medical board or doctor in reaching a decision. Theoharidi v. Industrial Commission, 8 Ariz.App. 364, 446 P.2d 470 (1968). Further, we do not find *Smith* to be controlling. There the complainant was referred to a psychiatric board for evaluation resulting in a unanimous opinion that his emotional problem was related to his accident. The only conflicting testimony was that of the lay claimant himself who testified he thought he could go back to work. On that basis an award of temporary disability was properly set aside. In the instant case, we observe, that at no point in the hearings did petitioner complain that he suffered mental disability. The evidence of psychiatric disorder was offered by a medical doctor. At least five other qualified medical doctors, including his attending physician, examined Masters and found no permanent disability attributable to the accident in question. It is implicit in this finding that Masters suffered no continuing disability either physical or mental. Further, the attending physician testified that any present pain was a result of the underlying back disease. At best, there is a conflict in the medical evidence which must be resolved by the Commission. Linn v. Industrial Commission, 10 Ariz. App. 571, 460 P.2d 677 (1969); Reynolds Metals Co. v. Industrial Commission, 7 Ariz.App. 379, 439 P.2d 542 (1968). The record establishes sufficient evidence to support the award.

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.