527 P.2d 308
**REYNOLDS METAL COMPANY,**
Petitioner,

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Opal McNeely, widow, Linda Sue McNeely, Vivian Marie McNeely, Randy Wayne McNeely and David Ray McNeely, minor children, Respondent Applicants,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 1029.**

Court of Appeals of Arizona,
Division 1,
Department C.

Oct. 22, 1974.

Review Denied Jan. 8, 1975.

**350**

Porter, Stahnke & Phillips by Bernald C. Porter, Tempe, for petitioner.

Edward F. Cummerford, Chief Counsel, William C. Wahl, Jr., former Chief Counsel, The Industrial Commission of Arizona by Richard E. Taylor, Phoenix, for respondent.

Chris T. Johnson, P. C., Phoenix, for respondent applicants.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent carrier.

## OPINION

WREN, Presiding Judge.

This is a petition for review of a decision of the Industrial Commission of Arizona granting death benefits to the surviving wife and children of decedent, Billy McNeely. He died on January 19, 1969, as a result of a myocardial infarction, after having been employed by the petitioner, Reynolds Metal Company, for twenty (20) years as a heavy duty mechanic.

There had been no previous history of heart disease. On December 31, 1968, decedent had visited the infirmary of his employer complaining of chest pains which accompanied heavy lifting or exertion. Petitioner's physician did not conduct a physical examination on that date, but felt that

the complaints were suggestive of angina pectoris (heart pain). Nitroglycerin tablets were prescribed and the decedent was allowed to return to work. Co-employees described his duties as being heavy in nature, i. e. manually changing tires weighing from 50 to 350 pounds and climbing 60 to 100 feet to repair cranes.

On Wednesday, January 15, 1969, deceased suffered a myocardial infarction which was not reported to the plant nurse or doctor. He worked that Wednesday and on the Thursday and Friday thereafter. Then, the following day, while returning home from a drug store where he had gone to obtain medication for indigestion, he suffered his fatal infarction. During this period his habits had changed considerably, in that he would retire almost immediately upon arriving home from work and complained of tiredness and chest pains.

The hearing officer's award denying widow's benefits was affirmed by the Industrial Commission on May 6, 1971; and, following a writ of certiorari, was affirmed by the Court of Appeals. See, McNeely v. Industrial Commission, 17 Ariz.App. 185, 496 P.2d 611 (1972). Review was thereafter accepted by the Supreme Court of Arizona which rendered its opinion on October 6, 1972. McNeely v. Industrial Commission, 108 Ariz. 453, 501 P.2d 555 (1972). The decision of the Supreme Court vacated the opinion of the Court of Appeals and set aside the award of the Industrial Commission. In compliance therewith, the Commission on December 12, 1972, issued its "Findings and Award for Compensable Claim." Petitioner filed a timely request for rehearing, and, following such, the hearing officer entered his "Decision Upon Hearing and Findings and Award for Death Benefits" on May 25, 1973. The key findings of the award were:

The medical evidence indicates that by continuing to work on Thursday and Friday, January 16 and 17, 1969, the applicant aggravated or worsened his heart damage and accelerated his death.

Our Supreme Court in McNeely v. Industrial Commission of Arizona, supra, held that notwithstanding the fact the original infarction of January 15, 1969, was non-industrial in origin, the fact that the decedent continued to work for two more days and thereby aggravated the infarction and accelerated his death was sufficient to bring this claim within the ambit of the Workmen's Compensation Act.

*The additional hearing held at the request of the employer on May 21, 1973, did not result in additional evidence which could be a basis for changing any material fact previously found; accordingly, McNeely v. Industrial Commission of Arizona, supra, is the law of this case.* (Emphasis added)

The death of Billy W. McNeely on January 19, 1969, arose out of and in the course of his employment within the meaning of the Arizona Workmen's Compensation Act. McNeely v. Industrial Commission of Arizona, supra.

Request for review was filed on June 25, 1973, by the petitioner employer. On July 24, 1973, the Commission affirmed the hearing officer's decision and this petition for certiorari followed on August 21, 1973.

It is the respondent's position that decedent should not have been returned to heavy duty status, and that his continuing to work after his initial infarction on January 15th, contributed to, accelerated and hastened his death, and that death benefits should therefore have been awarded.

In deciding whether the Commission's award is reasonably supported by the evidence, it is axiomatic that we must construe the evidence adduced in a light most favorable to sustaining it. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968); Spears v. Industrial Commission, 20 Ariz.App. 406, 513 P.2d 695 (1973); Rowe v. Industrial Commission, 20 Ariz.App. 77, 510 P.2d 388 (1973). Nor does this court weigh the evidence before the Commission, which is at liberty to resolve all conflicts and draw warranted in-

ferences. Arnott v. Industrial Commission, 103 Ariz. 182, 438 P.2d 419 (1968).

■ Where more than one such inference is shown, the Commission may choose either, and the reviewing court will not disturb the conclusion unless it is wholly unreasonable. Waller v. Industrial Commission, 99 Ariz. 15, 406 P.2d 197 (1965).

■ The test for appellate review of an Industrial Commission award as set out by the Arizona Supreme Court in In re Estate of Bedwell, 104 Ariz. 443, 444, 454 P.2d 985, 986 (1969) is that

"(I)t must appear that the evidence was such that, as a matter of law, the award of the commission cannot be sustained because there is no reasonable basis in the evidence upon which the commission could have reached its conclusion."

■■ An industrial injury need not be the sole cause of death in order to entitle decedent's descendants to death benefits, as long as it appears that the injury contributed to and accelerated the inevitable. Revles v. Industrial Commission, 88 Ariz. 67, 352 P.2d 759 (1960). Moreover, the court held in McNeely, supra, that the contribution of continued work to the aspect of acceleration need not be a "material" one. On this point the court cited with approval the language of several cases.

"And an industrially related accident does not have to be the cause of the injury or death, but merely a cause. If a worker's job precipitated or accelerated a heart attack, there is a causal connection between the employment and the worker's death." (Citations omitted). 108 Ariz. at 455, 501 P.2d at 557.

An insurer is thus liable if it can be shown that the injury during employment contributed to or accelerated a resulting disability regardless of pre-existing physical conditions.

■ Is the decision of the Commission awarding death benefits sustained by the evidence? We answer in the affirmative.

■ Heart attacks may be accidents within the meaning of the Arizona Workmen's Compensation Act. McNeely, supra. The causal relationship of Mr. McNeely's continued employment, after suffering his silent myocardial infarction, to the question of precipitation or acceleration of his death, can only be determined by expert medical testimony, and it is there we must look to determine when an accident has occurred and its cause. Lowry v. Industrial Commission, 92 Ariz. 222, 375 P.2d 572 (1962); Stevens v. Industrial Commission, 14 Ariz.App. 139, 481 P.2d 509 (1971); Fyffe v. Industrial Commission, 10 Ariz. App. 377, 459 P.2d 104 (1969); Bedel v. Industrial Commission, 5 Ariz.App. 470, 428 P.2d 134 (1967).

We turn now to the evidence to determine whether the award is reasonably supported. It was stipulated, for purposes of the rehearing, that the prior Industrial Commission file, including transcripts of hearings, would be considered in evidence and that only new medical evidence would be presented. New medical evidence consisted in part of the testimony of Dr. Sherman M. Minkoff:

"A. My opinion is that working at his regular job during the two days following a myocardial infarction would have caused more impairment of cardiac function, could very likely have caused an increase in the size or extent of the myocardial infarction, and in view of the course which he pursued, namely cardiogenic shock that this sequence would have very likely or probably, in your terminology, accelerated his demise."

Petitioner has asserted in its brief that McNeely's death, in all probability, resulted from the continuous nature of the initial infarction and that he would have died, irrespective of any work related activity.

On this issue, there is no conflict in the medical testimony which was offered at the final hearing on this matter. Dr. G. Marshall, a pathologist, found that

". . . the heart had been involved in two infarction crises . . .; and that ". . . The one appeared to have occurred about four days prior to the death of the patient, and the other one probably within 2 to 4 hours prior to the death of the patient."

It is thus apparent that the non-industrial nature of the first infarction is of no significance. There was competent medical evidence to support the finding that this merely constituted a pre-existing condition which was aggravated by decedent's continuation of work and which accelerated his death.

This court finds no additional medical evidence presented at the hearing of May 21, 1973, which could be the basis for changing any material fact previously found. Hence, *McNeely,* supra, is the law of this case. The award of the Industrial Commission providing death benefits is fully supported by the evidence.

The award is affirmed.

FROEB and NELSON, JJ., concur.