685 P.2d 1336

**Berta GARCIA, widow of Abran Luna Garcia, deceased, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Citrus Harvesting, Inc., Respondent Employer,**

**Paula Insurance Company, Respondent Carrier.**

**No. 1 CA-IC 3044.**

Court of Appeals of Arizona, Division 1, Department A.

April 24, 1984.

Thaddeus G. Baker, P.C. by Barton L. Baker, Yuma, for petitioner.

Sandra Day, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent Indus. Com'n.

Spencer K. Johnston, Phoenix, for respondent employer and respondent carrier.

## OPINION

CONTRERAS, Judge.

The issues in this special action review of an award denying benefits to petitioner pursuant to A.R.S. § 23–1061(M), are (1) whether the insurance carrier was notified of petitioner's Widow's Claim for Benefits as contemplated by law and (2) whether a Notice of Claim Status has been issued denying the widow's claim. Because we conclude that the insurance carrier was properly notified of the widow's claim and has failed to issue a Notice of Claim Status denying the claim, the award is set aside.

The pertinent facts are as follows. On May 18, 1979, the Industrial Commission (Commission) received a Widow's Claim signed by Berta Garcia on behalf of herself and four dependent children in which she stated that her husband, Abran Luna Garcia, died on February 25, 1979 as a result of injuries sustained in an industrial accident that occurred on that date.[1] On May 25, 1979, the Commission sent what is designated as Notification of Workmen's Compensation Claims to the employer's insurance carrier. It was in the form of a two-page computer printout. This document contained notification of industrial injuries which apparently occurred during the months from February through May of 1979. On page 2 of this document under the column entitled "CLAIMANT–NAME–ADDRESS" appears the name "GARCIA ABRAN L". The deceased's social security number is listed and under the column "INJURY MO/DA/YR" appears "02/25/79." No address is listed. Other than the name of the employer, no other information is provided concerning the "injury" in question. Petitioner's name is not listed nor is any clue provided as to the nature of the claim. The carrier also received from the Commission a copy of the petitioner's Widow's Claim, submitted by BERTA GARCIA, listing her as the claimant. It provided all the pertinent information including the time, place and manner of Abran Garcia's death along with the name and address of his widow.

The defendant insurance carrier, on June 15, 1979, mailed a Notice of Claim Status which was directed and addressed to Abran Garcia as the claimant. This notice denied the claim for benefits. On December 16, 1982, petitioner notified the Commission that no Notice of Claim Status had been directed to petitioner Berta Garcia and requested that the Commission "direct the carrier to pay immediate compensation as if the claim were accepted as of the date of notification" pursuant to A.R.S. § 23–1061(M). The Commission responded by referring the case to an administrative law judge for further proceedings pursuant to A.R.S. § 23–1061(J). A formal hearing was held in which testimony was received from petitioner and from the claims manager of the Commission.

Subsequently, the administrative law judge issued a decision upon hearing and findings and award denying petitioner's claim for benefits pursuant to A.R.S. § 23–1061(M). While the administrative law judge found that no Notice of Claim Status denying petitioner's claim had been issued, he determined that the carrier was not liable to pay immediate compensation to petitioner pursuant to A.R.S. § 23–1061(M) because the Commission did not officially notify the carrier of petitioner's claim. The award was affirmed on administrative review and this special action—Industrial Commission followed. Because we conclude that the carrier did in fact receive adequate notice of petitioner's claim, and did not issue a Notice of Claim Status denying petitioner's (widow's) claim, the award is set aside.

An employee, or a party entitled to compensation because of an employee's death,

---

1. This was in response to a letter sent by the Industrial Commission to the widow. Following receipt of the fatality report the Commission on March 5, 1979, in accordance with A.R.S. § 23–1061(C) addressed a letter to the deceased's widow which stated, in part:

We attach hereto the appropriate claim in compliance with Section 23–1061 of the Arizona Workmen's Compensation Laws.

is required to file a claim with the Commission within one year after the injury occurred or the right to compensation accrued. When the Commission receives the claim, it is required to notify the carrier of the claim. A.R.S. § 23–1061(A). There is no question in this case that petitioner complied with the statutory requirement of timely filing a claim with the Commission. We must look therefore, at the type of notice the Commission provided to the carrier and determine whether the notice provided was sufficient to meet the statutory notice requirement.

If the notice of claim provided by the Commission was sufficient under the statute, the carrier was required to issue a Notice of Claim Status within twenty-one days from the date it is notified of a claim. A.R.S. § 23–1061(M) provides in pertinent part:

M. If the insurance carrier or self-insurer does not issue a notice of claim status denying the claim within twenty-one days from the date the carrier is notified by the commission of a claim ..., the carrier shall pay immediately, compensation as if the claim were accepted, from the date the carrier is notified by the commission of a claim ... until the date upon which the carrier issues a notice of claim status denying such claim....

Thus, if the Commission has in fact notified the carrier of petitioner's claim and the carrier has failed to issue a Notice of Claim Status denying her claim, petitioner is entitled to receive "compensation as if the claim were accepted, from the date the carrier" was notified of her claim "until the date upon which the carrier issues a notice of claim status denying such claim." A.R.S. § 23–1061(M). *See Kasprowiz v. Industrial Commission,* 14 Ariz.App. 75, 480 P.2d 992 (1971) and *Kasprowiz v. Industrial Commission,* 20 Ariz.App. 116, 510 P.2d 427 (1973).

In this case, the Commission sent two documents to the carrier. The administrative law judge acknowledged that the Commission sent the carrier both the computer printout and a copy of the Widow's Claim but found that only the computer printout could be official notice to the carrier of a claim. He further found that "the sending of that [widow's] claim did not officially notify the carrier that such a claim had been made." Since the computer printout simply listed the employer, the employee, the date of injury and the employee's social security number, the administrative law judge further found that it was impossible for the carrier to determine from the printout that the claim was made by petitioner for the widow's benefits. The administrative law judge relied on the testimony of the Commission claims manager that the Commission's policy was to give official notice of claims by sending the computer printouts to the carrier.

■ We agree that the computer printout was insufficient as notice to the carrier of petitioner's claim. However, the computer printout was not the only notice sent to the carrier. The copy of the Widow's Claim sent by the Commission to the carrier provided all the information required to notify the carrier of her claim. There can be no doubt that the Widow's Claim shows that petitioner was making a claim for benefits arising by virtue of the death of her husband Abran Garcia.

It is clear from a reading of A.R.S. § 23–1061(A) and (M) that there is no particular type of notice specified in the statute. There is no reference to "official notice," merely a requirement that the Commission give notice to the insurance carrier.

The Industrial Commission Administrative Rules, R4–13–158, prescribe the giving of notice as follows:

A. Service of any ... notice or any other matter required by law or these rules to be served shall be made upon an interested party and his authorized representative. Service upon the authorized representative shall be deemed service upon the party.

B. Service of any of the matters referred to in subsection A hereof may be made by enclosing the same, or a copy thereof, in a sealed envelope and depositing the same in the United States mail,

with postage prepaid, addressed to the party served. Such service may be made to the address of such party as shown by the records of the Commission. Service shall be deemed complete when the matter to be served is so deposited.

\*      \*      \*      \*      \*      \*

There is no requirement provided in either the statute or any administrative rule as to the form of the notice.

While the claims manager for the Commission testified that her office considered the computer printouts to be "official notice", no evidence was offered showing any formal written Commission policy in this regard. By the claims manager's own testimony, it was the "usual practice [to forward] to the Insurance Carrier a copy of the dependent's claim for benefits." There is no evidence in the record which shows any reliance by the carrier on any formal Commission policy whether written or oral. Nor is there any evidence to show the carrier had any right to rely on such policy, if in fact the carrier did rely and if, in fact, such a policy existed. Such reliance would be even more unreasonable in a case where, as here, the carrier received a computer printout listing an employee as a claimant and at approximately the same time the carrier received a copy of a Widow's Claim by the surviving spouse of the employee who was listed as claimant on the computer printout.

We note that the carrier could not have determined whether to accept or deny a claim for benefits on the basis of the computer printout alone, since the information on that form offered no explanation of what type of injury had occurred or how it was claimed to have occurred. In addition, the computer printout provided no address for the claimant. The carrier necessarily had to refer to some other document to determine how to dispose of the claim and where to send the Notice of Claim Status. The Widow's Claim, on the other hand, provided the necessary information for such determination as well as a mailing address for petitioner.

The parties have been unable to cite a case construing the type of notice required pursuant to A.R.S. § 23–1061(A), in order to trigger the carrier's duty to issue a Notice of Claim Status pursuant to subsection (M) of that statute. In our own research we have not found such a case. As previously noted, neither the Commission's rules nor the statute itself provide for any particular type of notice.

In general, if a statute or rule requires that notice be given, but fails to specify a particular form of notice, that which will constitute sufficient notice will be liberally construed. *Davidson v. Wee*, 93 Ariz. 191, 379 P.2d 744 (1963); *Yuma County v. Arizona Edison Co.*, 65 Ariz. 332, 180 P.2d 868 (1947). In discussing the requirements for a Notice of Claim Status, this Court has noted that such a notice "is not issued pursuant to a statute requiring a specific type of notice." *Davis v. Industrial Commission*, 26 Ariz.App. 355, 357, 548 P.2d 849, 851 (1976). Therefore, the notice, to be sufficient must be "reasonably certain to apprise those affected." 26 Ariz. App. at 357, 548 P.2d at 851, quoting *Saline v. Industrial Commission*, 16 Ariz. App. 204, 205, 492 P.2d 453, 454 (1972). The carrier has failed to show any reason why the notice of a claim sent to the carrier by the Commission should meet any stricter requirement than the Notice of Claim Status issued by the carrier to a claimant. Under the standard for Notice of Claim Status then, the notice of a claim which the Commission must send to the carrier, in order to trigger the carrier's duty to issue a Notice of Claim Status, must be reasonably certain to apprise the carrier of the existence and nature of the claim.

Clearly, the copy of the Widow's Claim for Benefits sent to the carrier sufficiently apprised the carrier of the existence and nature of petitioner's claim. We therefore conclude that the carrier received notice which triggered its duty to issue a Notice of Claim Status within twenty-one days directed to petitioner's claim.

Since the carrier had a duty to issue a Notice of Claim Status within twenty-one

days from the date it was notified of petitioner's claim, we proceed to the issue of whether or not the Notice of Claim Status directed to the petitioner's (widow's) claim was issued. The administrative law judge found that the Notice of Claim Status denying the claim of the deceased employee was not sufficient as a Notice of Claim Status denying the petitioner's claim. We agree. Therefore, no Notice of Claim Status denying the petitioner's claim had been issued. This conclusion appear to be inevitable since it is consistent with the carrier's position, as previously discussed, that it did not receive official notice of the petitioner's claim from the Commission and therefore no duty devolved upon it to issue a Notice of Claim Status denying such claim.

■ Under Arizona Workmen's Compensation Law the rights of an injured employee and the rights of the survivors of a dead employee are separate and distinct. *Magma Copper Co. v. Naglich,* 60 Ariz. 43, 131 P.2d 357 (1942); *Kay v. Hillside Mines, Inc.,* 54 Ariz. 36, 91 P.2d 867 (1939); *Bedel v. Industrial Commission,* 11 Ariz.App. 209, 463 P.2d 104 (1970). The insurance carrier sent a Notice of Claim Status denying the claim of the deceased employee, Abran Luna Garcia. The denial of that claim has no effect on the claim of his widow, on behalf of herself and their children, because her claim is based on rights other than those of her husband. The carrier's Notice of Claim Status, therefore, cannot be construed as affecting petitioner's rights in any way.

Even if it could be said that the Notice of Claim Status was at the very least ambiguous since it was addressed to the deceased, the Notice of Claim Status is not saved since such notice, to be effective, had to be clear enough to apprise the petitioner that *her* claim had been denied and that she was required "to request a hearing within [the required time period] or be forever barred from urging [her] rights [thereunder] ...." *Best v. Industrial Commission,* 14 Ariz.App. 221, 224, 482 P.2d 470, 473 (1971).

In *Bernard v. Industrial Commission,* 24 Ariz.App. 136, 536 P.2d 705 (1975), after the petitioner was injured at work, her claim was initially accepted by her employer's insurance carrier. Thereafter, the carrier sent a Notice of Claim Status to Bernard. The notice consisted of a series of preprinted statements with boxes next to each one. The carrier had marked the box next to the "accepted for benefits" statement and the box next to the statement "medical benefits terminated." Bernard was receiving only medical benefits. This Court said:

> While there is certainly a place for the use of forms in the processing of tens of thousands of claims for workmen's compensation filed each year in this state, they must be clearly understood by the average person who receives those forms and who may either be required to take some action or may deeply desire to take some action, based upon the information contained therein. This should be especially true in cases where the form indicates an action taken adverse to the person receiving the form and which will become final in a specified time if some affirmative action is not taken.
>
> \*   \*   \*   \*   \*   \*
>
> [W]hen any reasonable doubt exists as to the meaning to be attached to a given form attempting to alter, terminate, or otherwise affect the rights of a claimant for workmen's compensation in this state, the benefit of that doubt will be given the claimant and the ambiguities resolved against the carriers, employers, State Compensation Fund and the Industrial Commission of Arizona.

24 Ariz.App. at 139, 536 P.2d at 708.

We conclude that a Notice of Claim Status purporting to deny a claim for benefits by Abran Garcia was insufficient to satisfy the carrier's duty, pursuant to A.R.S. § 23–1061(M), to issue a Notice of Claim Status to the petitioner, Berta Garcia. The statute, then, requires that "the carrier shall pay immediately, compensation as if the claim were accepted, from the date the carrier [was] notified by the commission of

[petitioner's] claim ... until the date upon which the carrier issues a notice of claim status denying such claim." A.R.S. § 23–1061(M).

The award is therefore, set aside.

BROOKS, P.J., and GRANT, J., concur.