NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JUSTIN BUCKMAN, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ROADSAFE TRAFFIC SYSTEMS, *Respondent Employer,*

ZURICH AMERICAN INSURANCE CO. C/O GALLAGHER BASSETT, *Respondent Carrier.*

No. 1 CA-IC 14-0038
FILED 4-23-2015

Special Action - Industrial Commission

ICA Claim No.  20122-790043
Carrier Claim No. 007603001529WC01

Layna Taylor, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Snow, Carpio & Weekley, PLC, Phoenix
By Erica González-Meléndez
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Klein, Doherty, Lundmark, Barberich & LaMont, P.C., Phoenix
By R. Todd Lundmark
*Counsel for Respondents Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Maurice Portley joined.

---

**T H O M P S O N**, Judge:

This is a special action review of an Industrial Commission of Arizona (ICA) award and decision upon review for a noncompensable claim. One issue is presented on appeal: whether the administrative law judge's (ALJ's) award contains legally sufficient findings when it fails to state any reason for rejecting the petitioner employee's (claimant's) credibility. Because we find evidence in the record to support the ALJ's rejection of the claimant's credibility, we affirm the award.

**JURISDICTION AND STANDARD OF REVIEW**

¶1 This court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(2) (2003), 23-951(A) (2012), and Arizona Rule of Procedure for Special Actions 10. In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003). We consider the evidence in a light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

## FACTUAL AND PROCEDURAL HISTORY

¶2        The respondent employer, Roadsafe Traffic Systems (Roadsafe), hired the claimant as a laborer in July 2012.  On the date of his alleged injury, he worked an overnight shift removing pavement markings from concrete roadway with a "Multi-Use Surface Preparator" (grinder).[1] The claimant testified that he used the grinder for his entire eight to ten hour shift, and afterwards, his hands were sore.  He stated that by the next day, his right hand "was immobile and very painful" and his left hand was asleep.  The claimant contacted his supervisor, Phillip Kowalczyk, and he sent the claimant to Concentra for examination and treatment.

¶3        The claimant filed a workers' compensation claim, which was denied for benefits.  He timely requested an ICA hearing, and the ALJ held two hearings for testimony from the claimant, his supervisor, his treating physician, Roadsafe's branch manager, and an independent medical examiner.  The ALJ entered an award for a noncompensable claim.  The claimant requested administrative review, but the ALJ summarily affirmed the Award.  The claimant next brought this appeal.

## DISCUSSION

¶4        The claimant argues that the ALJ's award is legally insufficient for our review because the she did not explain the basis for her credibility finding.  The relevant findings provide:

> 9.      The determination of the credibility of witnesses is the province of the Administrative Law Judge since she has seen and heard the witnesses testify. …

> 10.     "[M]edical testimony can be so weakened by proof of an inaccurate factual background that the testimony cannot be said to constitute 'substantial evidence'." …

> 11.     Upon a review of the totality of the evidence, it is found that the applicant is not credible. Therefore, it is concluded that the applicant has failed to meet his burden of proof to establish, by a preponderance of the evidence, that he sustained an injury arising out of and in the course of the

---

[1] Photographs and information about this machine were printed off the internet and placed in evidence.

employment with the defendant employer on September 29, 2012.

¶5        In *Post v. Industrial Commission*, 160 Ariz. 4, 770 P.2d 308 (1989), the Arizona Supreme Court reassessed the specificity necessary for a legally sufficient award.  The court concluded that the award should specify the basis for the ultimate disposition and the evidence supporting that basis.  *Id.* at 8, 770 P.2d at 312.  The court also stated that a "lack of findings on a particular issue invalidate[s] an award per se. . . ." 160 Ariz. at 7, 770 P.2d at 311.  But if the appellate court must "speculate" about the basis for the award or "assume a factfinder role," then the award must be set aside because it is "so lacking in specificity" that we cannot review it. *Id*. at 7-9, 770 P.2d at 311-13.

¶6        The ultimate issue in this case is compensability. Compensability requires an injury by accident arising out of and in the course of employment.  *See* A.R.S. § 23-1021(A) (1995).  This involves both legal and medical causation.  *DeSchaaf v. Indus. Comm'n*, 141 Ariz. 318, 320, 686 P.2d 1288, 1290 (App. 1984).  It is the claimant's burden to prove all elements of a compensable claim.  *Toto v. Indus. Comm'n*, 144 Ariz. 508, 512, 698 P.2d 753, 757 (App. 1985).  Unless the industrial injury immediately causes injuries that are obvious to a layman, expert medical evidence is required to establish a causal relationship between the industrial injury and its alleged consequences.  *Western Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 527-28, 647 P.2d 657, 658-59 (App. 1982).

¶7        In this case, there were a number of discrepancies between the claimant's testimony and that of the other lay and medical witnesses. With regard to the grinder, the claimant described intense vibration and a very violent machine which required a lot of force to hold back and prevent from speeding up to "50 to 100 miles and [sic] hour and destroy[ing] anything it hit."  The claimant stated that he performed this work for eight to nine hours nonstop on the night of the incident.

¶8        Timothy Passaglia, Roadsafe's branch manager, testified that the grinder is not a violent machine if adjusted correctly; it is intended to skim the surface of concrete to remove paint.  He stated that anyone can operate a grinder with about five minutes of training.  Mr. Passaglia acknowledged that the grinder vibrates, but he denied that it was of such an intensity as to cause the machine to get away from the operator.  The claimant's supervisor, Mr. Kowalczyk provided testimony consistent with that of Mr. Passaglia.  Mr. Kowalczyk estimated that over an eight hour

4

shift, a grinder could only be operated for a maximum of four to six hours due to necessary refueling and other intervening work.

¶9            With regard to his hands, the claimant testified that he had bilateral carpal tunnel releases around 1993, followed by a complete recovery, and no additional hand problems until his injury at Roadsafe.  He stated that did not return to work at Roadsafe after his injury, and his hand complaints gradually improved over the following two months.

¶10          The claimant's treating physician, Paul Zidel, M.D., recorded a history of bilateral carpal tunnel releases followed by occasional ongoing numbness and tingling in the claimant's hands.  When questioned about Dr. Zidel's records, the claimant conceded some ongoing tingling in his hands.  Dr. Zidel also received a history of no improvement in the claimant's hand symptoms despite his remaining off work following the incident.  Dr. Zidel opined that based on the claimant's history of operating the grinder on September 29, 2012, it could be the cause of his hand problems.

¶11          Paul Guidera, M.D., the independent medical examiner, also received a history of bilateral carpal tunnel releases followed by a complete recovery and no additional hand problems until after the grinder incident at Roadsafe.  He also recorded a history of no improvement in the claimant's hand symptoms after the date of injury.  The doctor testified that there was nothing in the claimant's history or medical records to indicate the type of trauma that would have been necessary to cause an injury such as the claimant described.  It was his opinion that the claimant did not sustain a structural injury while operating the grinder.  Dr. Guidera testified that the claimant's presentation was very consistent with a peripheral neuropathy in an untreated diabetic who had a more than ten-year history of diabetes.

¶12          The ALJ is the sole judge of witness credibility.  *Holding v. Indus. Comm'n*, 139 Ariz. 548, 551, 679 P.2d 571, 574 (App. 1984).  The ALJ "may … reject a claimant's testimony … if it is self-contradictory, inconsistent with other evidence, or directly impeached."  *Id.* at 551, 679 P.2d at 574.  It is the ALJ's duty to resolve all conflicts in the evidence and to draw all warranted inferences. *Malinski v. Indus. Comm'n,* 103 Ariz. 213, 217, 439 P.2d 485, 489 (1968).  When more than one inference may be drawn from the evidence in an ICA proceeding, the ALJ may choose either and those conclusions will not be disturbed unless it is wholly unreasonable.

*Reynolds Metal Co. v. Indus. Comm'n,* 22 Ariz. App. 349, 352, 527 P.2d 308, 311 (1974).

**¶13**　　　　In this case the claimant's testimony was both self-contradictory and inconsistent with other evidence. For these reasons, it was not error for the ALJ to reject his testimony. Because we were able to ascertain the basis for the award from our review of the appellate record, the award contains legally sufficient findings.  Without a credible history from the claimant, there was no foundation for Dr. Zidel's opinion and the claimant failed to meet his burden of proving a compensable claim.  *See Desert Insulations v. Indus. Comm'n*, 134 Ariz. 148, 151, 654 P.2d 296, 299 (App. 1982) (medical testimony must have an accurate factual background to constitute substantial evidence).

**¶14**　　　　For the foregoing reasons, we affirm the award.



Ruth A. Willingham · Clerk of the Court
FILED: ama