NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CURT HEMMING, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

MCCARTHY BUILDING COMPANIES, *Respondent Employer*,

ARCH INSURANCE CO/GALLAGHER BASSETT INS SVC, *Respondent Carrier*.

No. 1 CA-IC 15-0042
FILED 5-17-2016

---

Special Action - Industrial Commission
ICA Claim No. 20141-260537
Carrier Claim No. 002125-001398-WC-01
Rachel C. Morgan, Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Curt Hemming, Scottsdale
*Petitioner*

The Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Jardine Baker Hickman & Houston PLLC, Phoenix
By Stephen C. Baker
*Counsel for Respondents Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Lawrence F. Winthrop joined.

---

**K E S S L E R**, Judge:

**¶1** This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for temporary total and/or temporary partial disability benefits. We construe Petitioner employee's ("Hemming") opening brief as contending that the administrative law judge ("ALJ") erred in resolving the conflict between two medical experts to conclude that Hemming was not entitled to continuing medical and disability benefits after May 19, 2014. Because we find the ALJ's award is supported by reasonable and substantial evidence, we affirm.

## JURISDICTION AND STANDARD OF REVIEW

**¶2** This Court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2016), 23-951(A) (2016), and Arizona Rules of Procedure for Special Actions 10.[1] In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law *de novo*. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). We consider the evidence in the light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). We will affirm the ALJ's award as long as it is supported by reasonable and substantial evidence. *See Hopper v. Indus. Comm'n*, 27 Ariz. App. 732, 735 (App. 1976).

## FACTUAL AND PROCEDURAL HISTORY

**¶3** Hemming injured his back while working for McCarthy Building Companies ("Respondent") on February 27, 2014. After his injury,

---

[1] We cite to the current version of the relevant statutes unless revisions material to this decision have occurred.

Hemming continued to work regular duty until approximately May 9, 2014, when he was laid off.

**¶4** Shortly after the layoff, Hemming filed a claim for benefits. Respondent's insurance carrier issued a notice accepting the claim but terminating benefits effective May 19, 2014, without permanent impairment. Hemming filed a Request for Hearing before the ICA, protesting the notice issued by Respondents. The ALJ scheduled hearings, which included testimony from Hemming, lay witnesses Steven Hollenbach and Craig Olson, and medical experts Marc Letellier, M.D. ("Dr. Letellier") and Dennis Crandall, M.D. ("Dr. Crandall").

**¶5** Dr. Crandall testified that he performed an independent medical evaluation ("IME") of Hemming on May 19, 2014. In addition to the findings of his own physical examination, Dr. Crandall reviewed Hemming's medical records, including those from Hemming's primary care physician, Dr. Grace Haynes ("Dr. Haynes"). Informed by his review of Hemming's medical records, Dr. Crandall testified that Hemming had back complaints and the need for medication for his back that pre-existed the fall of February 27, 2014. Dr. Crandall also found Hemming's complaint of sacrum to coccyx pain consistent with the records of Hemming's primary care physician extending back to December 2013. Hemming's December 2013 medical records also reported Hemming having back and tailbone pain with Hemming's lumbar spine showing degenerative change, degenerative scoliosis, and several levels of arthritis. Dr. Crandall concluded that the most appropriate diagnosis was that Hemming suffered a "lumbar strain" and that Hemming's condition was stationary effective May 19, 2014, and without any ratable permanent impairment.[2]

**¶6** Dr. Letellier testified that he saw Hemming for a surgical consultation on June 11, 2014, and, to a reasonable degree of medical probability, diagnosed Hemming with degenerative disc disease and a small annular tear. Dr. Letellier rendered his diagnosis in reliance on Hemming's representation that he had no prior back problems before his industrial incident. He did not review Dr. Crandall's report or the

---

[2] At the ICA hearing, Dr. Crandall stated that he made his conclusion because he believed it to be consistent with the sixth edition of the American Medical Association's Guidelines for the Evaluation of Permanent Impairment, which, according to him, does not attribute a ratable impairment secondary to a lumbar strain. Thus, he determined that Hemming's lumbar strain required no supportive care.

December 2013 medical treatment history or report by Dr. Haynes. In arriving at his medical conclusion, Dr. Letellier assumed that the annular tear resulted from the industrial incident.[3] Dr. Letellier, therefore, made his diagnosis based only upon his own examinations and Hemming's representations, but without knowledge of Hemming's pre-existing back pain complaints or medical treatment prior to the industrial fall.[4] He recommended that Hemming continue his work on light duty and be treated with epidural steroid injections and/or facet injections.

¶7        In the award, the ALJ found a conflict in the medical evidence and adopted Dr. Crandall's medical conclusion that Hemming became medically stationary without permanent impairment and without the need for supportive care or work restrictions effective May 19, 2014. The ALJ thus agreed with Dr. Crandall that Hemming's industrial incident caused only a temporary aggravation of Hemming's pre-existing back condition, which was sufficiently treated as of May 19, 2014. The ALJ accordingly issued awards for medical, surgical, and hospital benefits as well as for temporary total and/or temporary partial disability benefits from February 27, 2014, through May 19, 2014.

¶8        Hemming filed a Request for Review. The ALJ issued a Decision Upon Review Affirming Decision upon Hearing and Findings and

---

[3] When asked about his diagnosis, Dr. Letellier testified as follows:

"[T]o me most of this would have been pre-existing except for maybe the annular disruption, the annular tear . . . I don't think that you can say 100 percent that this is all preexisting just because of the annular tear, but I don't know if the annular tear is necessarily the cause of this patient's discomfort or clinical situation. . . . I always go on the history that the patient presents to us, and in this case he had no problems prior [to the accident,] so I'm going to say that no matter what if the preexisting condition that we see on the MRI is chronic or degenerative, and nobody will say that this is acute, the history seems to indicate that the patient's problem is due to the accident."

[4] When Respondent's counsel disclosed to Dr. Letellier the medical information in Dr. Haynes's December 2013 report, Dr. Letellier expressed that he would not have changed his medical conclusions if he had reviewed the report prior to his diagnosis because Hemming's main complaint at the time of Dr. Haynes's report was his prostate check, which, unlike the injury from the industrial incident, did not stop Hemming from working.

Award (Temporary Benefits) affirming her prior decision. Hemming subsequently and timely filed this special action. He now seeks disability benefits, at his average monthly wage of $3,250.86, extending from May 20, 2014, through the date of appeal.

## DISCUSSION

**¶9** Hemming argues that the ALJ's award should be reversed, because it is legally improper and one-sided as the ALJ erred in adopting the opinion of one medical expert over another in support of that award. Hemming thus argues that rather than the ALJ's award for temporary medical care and an amount in earnings for the period of February 27, 2014, through May 19, 2014, he is entitled to full earnings compensation from May 20, 2014, through the date of appeal.[5]

**¶10** Typically, back and spine injuries require expert medical testimony to demonstrate the causal connection between the claimant's medical condition and the industrial incident. *W. Bonded Prod. v. Indus. Comm'n*, 132 Ariz. 526, 527-28 (App. 1982). When expert medical evidence conflicts, it is the ALJ's duty to resolve the conflicts. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975); *Masters v. Indus. Comm'n*, 15 Ariz. App. 512, 514 (App. 1971).

**¶11** An ALJ can adopt one physician's opinion over another when the latter opinion is grounded on insufficient information. This Court has recognized that "medical testimony can be so weakened by proof of inaccurate factual background that the testimony cannot be said to constitute 'substantial evidence.' " *See Desert Insul. v. Indus. Comm'n*, 134 Ariz. 148, 151 (App. 1982). While not every factual inaccuracy will

---

[5] Respondents argue that Hemming's opening brief fails to clearly identify or discuss any specific legal grounds or arguments for vacating the ALJ's decision and fails to include citations to the record. This lack of reference to legal authority and failure to cite the record could be considered abandonment and waiver of his claim. *See* ARCAP 13(a)(7)(A) (requiring appellant's brief to contain arguments that include "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies."); *State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim."). However, in our discretion, we decide this appeal on its merits based on our own review of the record. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (recognizing that courts prefer to decide each case upon its merits rather than dismissing on procedural grounds).

undermine a doctor's opinion and warrant its disregard, the doctor's opinion is compromised where the factual inaccuracy is material or significant to the doctor's medical opinion—such as in the subject case. *See Fry's Food Stores v. Indus. Comm'n*, 161 Ariz. 119, 122 (1989).

**¶12** As noted above, Dr. Crandall's medical testimony concluded that Hemming's condition, with regard to his industrial injury, became medically stationary without permanent impairment and without the need of supportive care or work restrictions as of May 19, 2014. As described above, we see substantial evidence supporting Dr. Crandall's medical testimony and factual conclusions.

**¶13** In contrast, Dr. Letellier's medical testimony is undermined by the inaccurate and insufficient information on which it is based. Thus, the ALJ was entitled to give greater weight to Dr. Crandall's medical testimony. Furthermore, because it is the duty of the ALJ to resolve conflicts in evidence, we defer to the ALJ's factual findings if they are substantiated by competent evidence. *Preuss v. Indus. Comm'n*, 15 Ariz. App. 515, 516-17 (App. 1971). Because the ALJ is free to adopt opinions that have a reasonable basis, *Rent A Ctr. v. Indus. Comm'n*, 191 Ariz. 406, 408, ¶ 6 (App. 1988), we find no error with the ALJ's adoption of Dr. Crandall's opinions over those of Dr. Letellier.

**¶14** Hemming had the burden to prove that his physical condition was causally related to his industrial injury and that he was not yet medically stationary. *See, e.g., Lawler v. Indus. Comm'n*, 24 Ariz. App. 282, 284 (App. 1975). Substantial evidence supports the ALJ's conclusion that Hemming failed to prove that any persisting back problem is causally related to his industrial injury of February 27, 2014. In deferring to the ALJ's factual findings, we hold the ALJ did not err in concluding that Hemming was not entitled to continuing medical benefits after May 19, 2014.

## CONCLUSION

**¶15** Because the evidence in the record supports the ALJ's award and decision upon review, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama