716 P.2d 1018

Rebecca BLACK, Petitioner,

v.

The INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,

Ron Cowens Hairitage,
Respondent Employer,

National Fire Insurance Company of
Hartford c/o CNA Insurance,
Respondent Carrier.

No. 1 CA–IC 3277.

Court of Appeals of Arizona,
Division 1, Department C.

July 18, 1985.
Review Denied March 27, 1986.

Van Baalen Law Offices by Lawrence P.
Nicholls, Phoenix, for petitioner.

Dennis P. Kavanaugh, Chief Counsel,
Phoenix, for respondent.

Jennings, Strouss & Salmon by Steven C.
Lester, Phoenix, for respondent carrier and
employer.

## OPINION

EUBANK, Judge.

The issue in this special action review of
an Industrial Commission award is whether
the administrative law judge erred in dis-
missing claimant's untimely request for
hearing. For the following reasons, we
affirm the award.

Claimant, Rebecca Black, retained coun-
sel, Peter Van Baalen, to represent her in
an Industrial Commission claim. On April
7, 1983, counsel notified the commission
and the employer's insurance carrier of his
retention. A claim for benefits was filed
on April 8, 1983.

The carrier failed to accept or deny the
claim within twenty-one days of filing and
counsel requested an investigation. In re-
sponse to counsel's request, the commis-
sion's claims manager sent him a letter,

dated June 29, 1983, stating that the claim had been accepted and enclosing a notice of claim status. The notice of claim status, however, pertained to another claimant, and counsel sent a letter to the commission notifying it of the mistake.

On July 27, 1983, the carrier issued a notice of claim status denying the claimant's claim. Both the commission and claimant received a copy of the notice. The carrier, however, did not send a copy of the notice to claimant's counsel. On July 27, 1983, the carrier also sent a letter to the commission's claims manager stating that the claim had been denied and assumed responsibility for the penalty benefits payable to claimant pursuant to A.R.S. § 23–1061(M). Claimant's counsel received a copy of this letter.[1] On August 10, 1983, counsel received a letter from the commission's claims manager stating that the carrier had denied the claim. A copy of the notice of claim status was not, however, enclosed with the letter.

On November 15, 1983, counsel contacted the commission and inquired about the status of claimant's claim. On November 16, 1983, the commission sent a copy of the notice of claim status denying the claim to claimant's counsel. Claimant filed a request for a hearing on November 18, 1983.

The claimant and her attorney testified at hearing. The sole issue litigated was whether claimant's untimely request for hearing should be excused. The administrative law judge entered an award dismissing the hearing request. He found that the letter from the commission received by counsel on August 10, 1983, gave claimant's counsel "constructive notice" of the notice of claim status and that counsel should have requested a hearing within ninety days of that date. He also found that claimant and her counsel knew, or with the exercise of reasonable care and diligence should have known, of the notice

of claim status during the filing period. The award was affirmed on review and claimant filed this special action contesting the award.

A.R.S. § 23–947 sets forth the time period for filing a request for hearing and the limited grounds for excusing an untimely hearing request. It states:

A. A hearing on any question relating to a claim shall not be granted unless the employee has previously filed an application for compensation within the time and in the manner prescribed by § 23–1061, and such request for a hearing is filed within ninety days after the notice sent under the provisions of subsection F of § 23–1061 or within ninety days of notice of a determination by the commission, insurance carrier or self-insuring employer under § 23–1047 or § 23–1061 or within ten days of all other awards issued by the commission.

B. As used in this section, "filed" means that the request for hearing is in the possession of the commission. Failure to file with the commission within the required ninety days by a party means that the determination by the commission, insurance carrier or self-insuring employer is final and res judicata to all parties. The industrial commission or any court shall not excuse a late filing unless any of the following apply:

1. The person to whom the notice is sent does not request a hearing because of justifiable reliance on a representation by the commission, employer or carrier.

2. At the time the notice is sent the person to whom it is sent is suffering from insanity or legal incompetence or incapacity, including minority.

3. The person to whom the notice is sent shows by clear and convincing evidence that the notice was not received.

C. The late filing shall not be excused under subsection B of this section if the

1. The letter states in pertinent part:
   Given the above, I have completed the original notification list denying benefits and have submitted a Notice of Claim Status (ICA 104) denying benefits as well.

I realize that our not complying with the notification, makes us responsible for penalty benefits as of April 12, 1983, assuming more than 7 days were lost as a result of the March 25, 1983, incident.

person to whom the notice is sent or his legal counsel knew or, with the exercise of reasonable care and diligence, should have known of the fact of the notice at any time during the filing period. The late filing shall not be excused under subsection B of this section if it is shown by clear and convincing evidence that the notice was sent by mail or delivered personally to the last known mailing address or place of residence of the person to whom it is addressed and to his legal counsel, as shown on the records of the commission.

On appeal, claimant argues that the ninety day protest period did not commence to run until her counsel received a copy of the notice of claim status denying the claim. In support of her position, claimant relies upon A.C.R.R. R4–13–158,[2] an Industrial Commission rule that requires service of all notices on a party's authorized representative, and *Sill v. Industrial Commission,* 12 Ariz.App. 6, 467 P.2d 81 (1970), *Fidelity & Guaranty Insurance Company v. Industrial Commission,* 129 Ariz. 342, 631 P.2d 124 (App.1981), and *MRF Construction Company v. Industrial Commission,* 111 Ariz. 466, 532 P.2d 528 (1975).

Although respondents concede that the Industrial Commission rule required the carrier to give notice of the claim's denial to both claimant and her attorney, they contend that the "notice" provisions of A.R.S. § 23–947 were satisfied by the carrier's July 27, 1983 letter. Relying on *Garcia v. Industrial Commission,* 141 Ariz. 184, 685 P.2d 1336 (App.1984) respondents argue that the carrier was not required to serve on counsel a notice of claim status in order to give him notice under the statute.

█ It is our opinion that the term "notice" as used in A.R.S. § 23–947 refers to a notice of claim status. This interpretation of the statute is supported by commission rule, A.C.R.R. R4–13–106, which provides that prescribed forms are to be used by employers and carriers in administering and processing claims, and which states, "[a]ll insured employers or insurance carriers ... shall make all reports required by law and by these rules on the forms prescribed by the Commission." The notice of claim status form, ICA Form 104 (ICA 04–0104–80), has been approved by the Industrial Commission for carrier use in administering a claim. *Best v. Industrial Commission,* 14 Ariz.App. 221, 482 P.2d 470 (1971). Additionally, other statutes and commission rules indicate that carrier administration of a claim is to be by notice of claim status. *See* A.R.S. § 23–1061(M) (failure to issue a notice of claim status within twenty-one days from the date the carrier is notified by the commission of the claim results in a penalty payment such as occurred in this case); A.C.R.R. R4–13–118 (all claims must be closed by issuance of a notice of claim status).

Moreover, *Garcia* is consistent with this interpretation. In *Garcia,* we held that A.R.S. § 23–1061(M), which requires the commission to notify the carrier of a claim, was satisfied by the commission sending a copy of the claim to the carrier. Although in discussing the sufficiency of this notice we compared it to the notice of claim status given by a carrier to a claimant, we did not hold that the notice provisions of A.R.S. § 23–947 could be satisfied absent issuance of a notice of claim status.[3]

█ Having determined that a notice of claim status is the proper notice to trigger the ninety day time period for filing a request for hearing, we address claimant's argument that the limitations period did not begin to run because the carrier failed

---

2. A.C.R.R. R4–13–158(a) states:
Service of any award, decision, order, subpoena, notice or any other matter required by law or these rules to be served shall be made upon an interested party and his authorized representative. Service upon the authorized representative shall be deemed service upon the party.

3. We indicated in *Garcia* that a notice of claim status denying a claim is sufficient if it clearly apprises a claimant that the claim has been denied and that a request for hearing must be filed within the prescribed time limits.

to serve a notice of claim status upon her attorney. Initially, we note that claimant's reliance upon *Sill*, *Fidelity*, and *MRF*, in support of her argument is misplaced. Although these cases hold that a protest period begins to run only after service of an award, decision or notice upon a party's authorized representative, they were decided before the amendment of A.R.S. § 23–947.

Former A.R.S. § 23–947 merely provided for a sixty day time period for filing a request for hearing; it did not set out statutory grounds for excusing an untimely filed request. The former statute and the Industrial Commission rule requiring service of the notice on an authorized representative could be easily harmonized: the time period for filing a request for hearing did not commence to run until a party and his authorized representative were served. *E.g.*, *Fidelity & Guaranty Insurance Company v. Industrial Commission*, 129 Ariz. 342, 631 P.2d 124 (App.1981).

As amended, A.R.S. § 23–947(B), which sets forth three circumstances for excusing a late hearing request, refers only to "the person to whom the notice is sent." To interpret this phrase to include a party's authorized representative would be inconsistent with subsection C of the statute. Subsection C states that an untimely filing is not excused under subsection B if the "person to whom the notice is sent or his legal counsel knew, or with the exercise of reasonable care and diligence, should have known of the fact of the notice at any time during the filing period." In interpreting a statute, this court will look to the statute as a whole and attempt to harmonize all of its sections. *Talley v. Industrial Commission*, 137 Ariz. 343, 670 P.2d 741 (App. 1983); *Adams Tree Service, Inc. v. Transamerica Title Insurance Company*, 20 Ariz.App. 214, 511 P.2d 658 (1973). In our opinion subsection B of the statute does no more than require service of a notice on a claimant. The commission rule requiring service of a notice on a party's representative does not prevent the running of the 90-day period within which a hearing must

be requested. To hold otherwise would place the statute in derogation of an administrative rule.

Even assuming that the commission rule and the amended statute can be harmonized and that "the person to whom the notice is sent" includes a party's authorized representative, claimant's request for hearing would not be excused under subsection C of the statute. Although evidence established that counsel did not receive the notice, counsel knew or with the exercise of reasonable care and diligence should have known, of the fact of the notice of claim status during the filing period. The carrier's July 27, 1983 letter sent to counsel stated that the carrier had submitted to the commission a notice of claim status denying benefits. Additionally, the letter received by claimant's counsel on August 10, 1983, from the Industrial Commission clearly informed counsel that the carrier had denied the claim. When asked what impact the August 10, 1983 letter had upon him, counsel stated:

> Probably at that time, and from the best of my recollection, I assumed we would be getting a notice of claim status in due course, and would do nothing further.

> Again, our policy—our office procedures are all based around getting notices of claim status. So yes, at that time, I would have been aware that the claim had been denied or was being denied, and I probably assumed that we'd be getting a notice of claim status in due course.

These facts support the administrative law judge's conclusion that the untimely request for hearing could not be excused. For the foregoing reasons, the award is affirmed.

The award is affirmed.

OGG and FROEB, JJ., concur.