729 P.2d 326

**HOWARD P. FOLEY COMPANY, Petitioner Employer,**

**State Compensation Fund; Howard P. Foley Company c/o Arizona Adjustment Agency, Petitioner and Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Kenneth J. Habner, Respondent Employee.**

**No. 1 CA–IC 3449.**

Court of Appeals of Arizona, Division 1, Department B.

July 24, 1986.

Lewis and Roca by Merton E. Marks, R. Kent Klein, Phoenix, for petitioner employer and carrier.

Robert K. Park, Chief Legal Counsel, State Compensation Fund, Phoenix, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Jerome, Gibson & Stewart by D.A. Jerome, Joel F. Friedman, Thomas C. Whitley, Phoenix, for respondent employee.

KLEINSCHMIDT, Judge.

This is a special action review of an Industrial Commission award for permanent total disability. Only one legal issue is presented: whether under the statutes applicable to this 1971 industrial injury, after payment of the statutory maximum one hundred months of temporary total disability benefits, the disability status automatically changes as a matter of law to permanent total disability even though the condition is not yet medically stationary? The question is significant because if the status changed to permanent total disability the State Compensation Fund, as successor to the employer, as opposed to the Special Fund, is responsible for the payment of benefits. Because the administrative law judge incorrectly concluded that the status changed, we set aside the award.

The parties have stipulated to the dispositive facts. First, between the date of the injury in January 1973 and November 1983, the self-insured original petitioner employer (Foley) paid the respondent employee (claimant) one hundred months of temporary total disability benefits. Second, the claimant is not yet medically stationary. Third, the claimant's total disability is unchanged. During the pendency of this appeal Foley filed a petition under Chapter 11 of the bankruptcy act, and by stipulation and pursuant to the terms of A.R.S. § 23–966(A) the State Compensation Fund was added as a petitioner. For the sake of simplicity when we refer to Foley as the petitioner we mean Foley and the State Compensation Fund.

Entitlement to total disability benefits is conceded. Furthermore, temporary and permanent benefit levels are identical. Consequently, the sole dispute concerns who must pay compensation.

The Special Fund of the Industrial Commission accepted responsibility for continuing active medical benefits but denied responsibility for continuing temporary total disability benefits. An interim Commission determination sanctioned this allocation of responsibility by awarding permanent total disability benefits. Following Foley's protest, the matter was submitted to an administrative law judge. His award likewise imposed liability on Foley by concluding that the claimant's disability status was permanent total as a matter of law. After affirmance on administrative review, this special action followed.

On review, the parties concede that the statutes in effect on the date of injury govern substantive rights. *See generally, e.g., Arthur G. McKee & Co. v. Industrial Commission,* 24 Ariz.App. 218, 537 P.2d 603 (1975). Furthermore, they accept the relevance of two of these statutes: A.R.S. § 23–1045(A)(1) (1971–73) (temporary total disability subsection) and A.R.S. § 23–1065(A)(2) (1971–73) (Special Fund liability subsection). They, however, dispute the relevance of A.R.S. § 23–1062(A) (1971–73) (medical benefits subsection) and of extrinsic indicia of legislative intent.

To facilitate our review, we begin with a full analysis of all three statutes.

A. *Temporary Total Disability Subsection*

The original Workers' Compensation Act limited payment of temporary total disability compensation to one hundred months, *see* Laws 1925, ch. 83, § 70(B)(1), and this limitation was in effect when the claimant was injured. There was an amendment to this provision in 1973 which did away with this limitation. *See* Laws 1973, ch. 133, § 26 (filed May 7, 1973).

B. *Special Fund Liability Subsection*

The antecedent of this particular subsection dates from 1939. *See* Laws 1939, ch.

28, § 9. This amendment expanded the Special Fund's responsibility to include discretionary "additional awards for injured employees in such sums as may be necessary where the employees' compensable permanent disabilities are of such a nature as to prevent them from caring for their persons and their bodily functions, and where the employees' resources are insufficient to provide such unusual expenses of care and attendance." The 1968 revision of the Compensation Act deleted these specific limits on supportive care and substituted the discretion "to provide additional awards for injured employees in such amounts as may be necessary for *continuing benefits or supplemental medical benefits after the period of temporary disability.*" Laws 1968, 4th S.S., ch. 6, § 53 (emphasis added).

The 1971 amendment, which is applicable to the current case, substituted the following provision:

> 2. THE COMMISSION SHALL PROVIDE ADDITIONAL AWARDS FOR INJURED EMPLOYEES IN SUCH AMOUNTS AS MAY BE NECESSARY FOR CONTINUING BENEFITS OR MEDICAL BENEFITS AFTER THE PERIOD OF TEMPORARY DISABILITY, OR AFTER THE OBLIGATION OF THE CARRIER IS EXTINGUISHED UNDER SUBSECTION A OF SECTION 23–1044 OR SUBSECTION A OF SECTION 23–1045.

Laws 1971, ch. 173, § 20 (filed May 12, 1971) (emphasis added). In addition to the conspicuous changes, this amendment also deleted the adjective "supplemental," which had previously modified "medical benefits." Finally, the 1973 amendment eliminated the entire subsection. *See* Laws 1973, ch. 133, § 32 (filed May 7, 1973).

---

**1.** Section 1438 provided for both temporary partial and temporary total disability compensation. The 1939 codification, however, divided the disability classifications into two sections. *See* Code 1939, §§ 56–956, –957. The 1968 revision carried this division forward. *See* A.R.S. §§ 23–1044, –1045(A) (effective January 2, 1969). The revised medical benefits subsection,

### C. *Medical Benefits Statute*

The Compensation Act has always provided medical benefits. *See* Laws 1925, ch. 83, § 57. The original act, however, imposed a maximum limit of one year. The 1939 amendment extended this coverage to "the period of temporary disability, as provided in section 1438." [1] Laws 1939, ch. 28, § 1. Finally, the 1973 amendment eliminated this limitation; the right to medical benefits now extends "during the period of disability." Laws 1973, ch. 133, § 30 (filed May 7, 1973).

Our aim in interpreting legislation is to effectuate legislative intent. *E.g., Skyview Cooling Co. v. Industrial Commission*, 142 Ariz. 554, 558, 691 P.2d 320, 324 (App. 1984). The language itself is the primary expression of this intent and if the text is unambiguous we interpret it to mean what it plainly states. *E.g., Sunstate Equipment Corp. v. Industrial Commission*, 135 Ariz. 477, 479, 662 P.2d 152, 154 (App. 1983). If, however, the text is ambiguous, "the context of the statute, the language used, the subject matter, the historical background, the effects and consequences, and the spirit and purpose of the law" are all relevant to assessing intent. *Arizona Newspapers Association v. Superior Court*, 143 Ariz. 560, 562, 694 P.2d 1174, 1176 (1985).

Foley asserts that the terms of the Special Fund liability subsection are dispositive because the 1971 amendment unambiguously imposed liability on the Special Fund for continuing temporary total benefits. The amendment is unambiguous, Foley's argument continues, because "continuing benefits" plainly means continuing temporary total compensation; furthermore, this interpretation is the only one completely consistent with the subsection as a whole and with general compensation principles.

---

however, mistakenly referred to "the period of temporary disability, as provided in section 23–1044 [the temporary disability statute]." A.R.S. § 23–1062(A) (1969). The 1971 amendment corrected this error by striking the reference to section 23–1044. *See* Laws 1971, ch. 173, § 19 (filed May 12, 1971).

We disagree that "continuing benefits" has a plain meaning. This is not a technical term defined in the Compensation Act. The cases using the terms have used them descriptively. If the context concerns disability, the terms refer to compensation benefits. *See, e.g., Midland-Ross Corp. v. Industrial Commission,* 107 Ariz. 311, 314, 486 P.2d 793, 796 (1971); *Shockey v. Industrial Commission,* 140 Ariz. 113, 118, 680 P.2d 823, 828 (App.1983). On the other hand, if the context concerns treatment of the industrially related condition, the terms refer to medical benefits. *E.g., Home Insurance Co. v. Industrial Commission,* 23 Ariz.App. 90, 530 P.2d 1123 (1975). It does not follow, as the Special Fund asserts, that *Home Insurance* defined "continuing benefits" as medical benefits. This case did not involve the statutory limit on temporary total disability. Liability for medical benefits alone was disputed. This context therefore determined the meaning of "continuing benefits."

We also disagree that Foley's interpretation is completely consistent with the 1971 amendment as a whole. The first clause continues to apply "after the period of temporary disability...." A.R.S. § 23-1065(A)(2) (1971–73). In this context, "continuing benefits" cannot mean continuing temporary disability benefits because the right to these benefits has terminated.

This inconsistency does not invalidate Foley's interpretation of the second clause; indeed, it may represent the best interpretation. But the inconsistency does demonstrate that the subsection as a whole requires interpretation. That is to say, it is ambiguous.

We do agree that Foley's interpretation is consistent with the general compensation principles. Temporary disability compensation generally continues until the industrially related condition is medically stationary. *See, e.g., Minton v. Industrial Commission,* 90 Ariz. 254, 367 P.2d 274 (1961); *Home Insurance Co. v. Industrial Commission,* 23 Ariz.App. 90, 530 P.2d 1123 (1975). The Compensation Act itself applies this standard to temporary partial disability. *See* A.R.S. §§ 23–1044(F), –1047(A) (1969). Case law has extended the same standard to temporary total disability. *See, e.g., Home Insurance Co.,* 23 Ariz. App. at 94–95, 530 P.2d at 1127–28.

This general principle, however, has previously been applied within the statutory limit on temporary disability compensation. We have discovered only one case involving a Commission award similar to the one in the present case. Although this court considered the permanent disability award "anomalous," it rejected a challenge to its finality: "The fact that it proceeds from a finding that the claimant was not stationary may reveal legal error but that does not prevent it from being a permanent award." *Marsh Aviation of Marana v. Industrial Commission,* 130 Ariz. 169, 172 & n. 3, 634 P.2d 981, 984 (App.1981). The effect of this limitation on the general principle therefore is undecided.

We therefore conclude that the plain meaning rule is inapplicable. Extrinsic indicia of legislative intent are relevant. *See Arizona Newspapers Association,* 143 Ariz. at 562, 694 P.2d at 1176.

The Special Fund relies on several of these indicia to support the award. The first concerns the historical relationship between the temporary total disability subsection and the Special Fund liability subsection. The former limited temporary total compensation between 1925 and 1973. Yet the latter did not even arguably require Special Fund coverage of disability compensation until the 1971 amendment. Thus, for some 45 years, the Compensation Act provided no continuing temporary total disability benefits after the statutory maximum was exhausted.

The Special Fund asserts that this conclusion disproves the premise on which it is based. The gap in coverage is avoided only if the statutory maximum is an exception to the general principle that temporary disability continues until the industrially related condition becomes medically stationary. The administrative law judge drew this conclusion for this very reason.

This *reductio ad absurdum* may have applied before the 1971 amendment. But *if*

this amendment imposed liability on the Special Fund for continuing temporary total disability benefits, it resolved the absurdity. The historical comparison does not answer the question of whether it had this purpose.

The next argument concerns the history of the Special Fund liability subsection itself. This subsection certainly did not include compensation benefits at its inception: it was then limited to extraordinary supportive care. Moreover, when the terms "continuing benefits" were first introduced, they were juxtaposed with "supplemental medical benefits." In this context, "continuing benefits" may have referred to active as opposed to supportive medical care. Moreover, related parts of this same revision used the technical term "compensation" to refer unambiguously to disability benefits. See A.R.S. § 23–1065(A)(3)–(5) (1969).

The Special Fund's argument, however, ignores the 1971 amendment. It not only made Special Fund coverage mandatory and added the second clause, it also deleted the adjective "supplemental." One term of the disjunction ("medical benefits") now arguably included both active and supportive medical care. The other term ("continuing benefits") therefore arguably referred to nonmedical benefits, which possibly included continuing temporary total disability benefits.

In this context, the Special Fund relies on its own contemporaneous internal memorandum reviewing the proposed 1971 amendment. This document, of course, is not legislative history. See generally Sutherland Stat. Const. § 48.11 (4th Ed.). It therefore is evidence not of legislative intent but of the Commission's interpretation of the proposed amendments. This interpretation addressed only mandatory medical benefits. The comments, however, completely ignored both the deletion of the term "supplemental" and the additional clause referring to the statutory maximum.

The Special Fund also relies on the 1973 amendment. Although this amendment eliminated both the limitation of medical benefits to temporary disability and the entire Special Fund liability subsection, it also eliminated the statutory maximum. The 1973 amendment, therefore, does not support the argument that the Special Fund liability subsection concerned medical benefits only.

Finally, the Special Fund relies on the Commission's long-standing administrative interpretation of these subsections. Although the Commission's interpretation deserves deference, it is not binding if clearly erroneous. See Bohannan v. Corporation Commission, 82 Ariz. 299, 313 P.2d 379 (1957); accord Sutherland, supra, § 49.05. Of course, Foley asserts that the Commission's interpretation is erroneous because it has ignored the effect of the 1971 amendment. The Special Fund's reliance on the Commission's interpretation begs the ultimate question.

The extrinsic evidence of legislative intent therefore does not resolve the ambiguity. Given this unresolved ambiguity, we must decide which of the competing interpretations is best.

Foley's interpretation has two flaws. First, under it "continuing benefits," as the term is used in A.R.S. § 23–1065(A)(2) as amended in 1971, has a different meaning in the first clause than it has in the second. Second, the very ambiguity suggests that the legislature did not intend to substantially change the Special Fund's liability for if it had this intention, it presumably would have expressed it unambiguously. On the other hand, the interpretation is consistent with general principles and is a natural reading of the subsection.

The Special Fund's interpretation has serious problems of its own. First, it construes "medical benefits" to mean supportive medical care even though the 1971 amendment deleted "supplemental." Second, this interpretation makes the whole second clause of A.R.S. § 23–1065(A)(2) redundant. If exhaustion of the statutory maximum terminates temporary disability even though the industrially related condition is not yet stationary, then the first clause of the Special Fund liability subsection necessarily applies. Third, this inter-

pretation ignores the specific language of the second clause. It states that the statutory maximum *extinguishes* the carrier's obligation, not that temporary disability status terminates.

These problems, especially the third one, persuade us that Foley's is the best interpretation. We therefore reject the administrative law judge's conclusion that the claimant's disability status automatically changed from temporary to permanent total as a matter of law. Although Foley's obligation to pay temporary total compensation is extinguished, the claimant remains temporarily disabled until his condition becomes medically stationary. The Special Fund is obligated to pay continuing temporary total disability benefits. For the foregoing reasons, the award is set aside.

Award set aside.

SHELLEY, P.J., and HAIRE, J., concur.