741 P.2d 322

**Albert EPSTEIN, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Steve Demenge, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 3589.**

Court of Appeals of Arizona,
Division 1, Department A.

June 30, 1987.

Rabinovitz & Associates, P.C. by Bernard I. Rabinovitz and Gary M. Israel, Tucson, for petitioner employee.

Dennis P. Kavanaugh, Chief Counsel The Indus. Com'n of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund by Fred R. Sands, Tucson, for respondent carrier.

## OPINION

CONTRERAS, Judge.

In this special action review of an Industrial Commission award, we must determine whether the administrative law judge erred in dismissing the petitioner employee's (claimant's) untimely request for hearing. The evidence demonstrated and the administrative law judge found that neither claimant nor his attorney received a copy of the notice of claim status denying a petition to reopen. The administrative law judge therefore found that claimant met the requirements of A.R.S. § 23–947(B)(3), which excuses a late filing. However, the administrative law judge further found that the late filing was not excused under section (B) of this statute because the standard of "reasonable care and due diligence" contained in A.R.S. § 23–947(C) had not been met. We conclude that the administrative law judge erred in refusing to excuse claimant's untimely request for hearing. The award is set aside.

On October 25, 1965, the claimant sustained an industrial injury while employed by the respondent employer, Steve Demenge. The claim was accepted for benefits by the respondent insurance carrier

(Fund) and was eventually closed with a 25% scheduled permanent partial disability.

On February 20, 1985, the claimant filed a petition to reopen his claim (petition). On February 28, 1985, the claimant's attorney, Bernard I. Rabinovitz, wrote a letter of representation to the Fund, enclosed a copy of the petition, and requested that it "please forward all future correspondence, *notices,* checks, etc. to this office," and "a complete copy of each and every claims file ... pertaining to my client."

On April 1, 1985, the Fund issued a notice of claim status (notice) denying the claimant's petition to reopen. The notice was addressed to the claimant, in care of his attorney, and supposedly bore the correct address.[1] Both the claimant and his attorney denied ever receiving the notice. In early October 1985, while reviewing the Fund claims file, attorney Rabinovitz first became aware of the notice. On October 9, 1985, the claimant filed an untimely hearing request.

On March 24, 1986, a formal hearing was held. The only issue heard was the affirmative defense of untimely request for hearing. The claimant testified that he never received the notice and first became aware of it at his deposition on February 11, 1986. He testified that all of his industrial claim correspondence was to be sent in care of his attorney.

Attorney Rabinovitz' secretary of three and a half years also testified. She discussed the processing and calendaring of incoming mail at his office. She testified that she personally receives all of attorney Rabinovitz' mail and does his calendaring. She had no record of this notice. She is also the designated person in his office to receive all unidentifiable mail for final distribution.

An envelope contained in the Fund claims file was introduced into evidence as an exhibit at the hearing. It was a window envelope and was located immediately adjacent to the notice in the file. The envelope was postmarked April 1, 1985, and had been returned to the Fund as undeliverable on April 16, 1985.

On March 27, 1986, the administrative law judge entered an award dismissing claimant's request for hearing. He found:

3. ... Circumstantial evidence suggests that this April 1, 1985 notice was returned to the State Compensation Fund by the United States Postal Service as undeliverable. There is insufficient evidence to conclude, using a 'clear and convincing' standard, that this April 1, 1985 notice was mailed to the applicant's correct address; that is, by his own direction, Bernard Rabinovitz, 741 [sic] North Fourth Avenue, Tucson, Arizona 85705. See *Associated Grocers v. Industrial Commission,* 133 Ariz. 421 (App.), 652 P2 [sic] 160 (1982). The credible, clear and convincing evidence establishes that neither the applicant nor his attorney received this NOTICE OF CLAIM STATUS dated April 1, 1985 prior to October 1, 1985, when that attorney reviewed the State Compensation Fund's claim file regarding this injury. The applicant has met the requirements of *A.R.S.* Section 23–1047(B)(3) [sic]. That does not mean he has necessarily established a cognizable excuse for his late REQUEST FOR HEARING.

4. The first sentence of subparagraph (C) of *A.R.S.* Section 23–947 precludes excusal of a late protest of a NOTICE OF CLAIMS [sic] STATUS not received by the applicant if the applicant or his attorney, in the exercise of reasonable care and diligence, should have known of the notice at any time during the ninety day protest period. In this case, the applicant retained his present attorney, a Board Certified specialist in Worker's [sic] Compensation, on February 18, 1985. He then filed his Petition to Reopen through that attorney on February 20, 1985. *A.R.S.* Section 23–1061(M)

1. Although the parties do not question whether the notice bore the correct address, the record before us discloses that the address to which the notice was mailed may have been erroneous. In finding number 3 the administrative law judge found that the notice in question was sent to the attorney's correct address of "741 North Fourth". The attorney's letterhead, as seen in the commission file sets forth his address at 721 North Fourth Avenue.

provides for penalty benefits against the insurance carrier if the carrier does not accept or deny the Petition to Reopen within 21 days of notification of that petition by the Industrial Commission .... On April 1, 1985 the State Compensation Fund issued the subject Notice and filed that Notice with the Industrial Commission. The applicant is charged with knowledge of the contents of the Industrial Commission file. See *Davis v. Industrial Commission*, 103 Ariz. 114, 159, 437 P2 [sic] 647 (1968). There is no record of any inspection of the file by the applicant or his counsel in this case. There is no record of any inquiry to the Industrial Commission by the applicant or his counsel regarding the status of his Petition to Reopen filed February 20, 1986 [sic]. The applicant has access to the carrier's file upon request. See *Rule* 31(b), *R.Proc.I.C.A.*, R–4–13–131 B. There is no record of any inspection of the State Compensation Fund's file by the applicant or his counsel in this case until October 1, 1985, over *seven months* after this Petition to Reopen was filed. Satisfaction of the standard of 'reasonable care and due diligence' contained in Section 23–947(C) would certainly involve inquiries to the Industrial Commission and/or the State Compensation Fund within ninety days when no response to a Petition to Reopen was received. That standard has not been met in this case. Excusal of this untimely REQUEST FOR HEARING is barred by the first sentence of A.R.S. Section 23– 947(C). See *Black v. Industrial Commission*, [149] Ariz. [81] (App) [716] P2d [1018] (1 CA–IC 3277, Dept C, July 18, 1985).

On May 30, 1986, the administrative law judge entered his decision upon review amending, supplementing and affirming his award. The only changes in the award were in finding number 4. The administrative law judge dropped his reference to *Davis v. Industrial Comm'n* and added the following language:

It should be noted that another Petition to Reopen this claim was filed on January 27, 1986 and that on March 11, 1986 the applicant's attorney, in the exercise of 'reasonable care and due diligence' did file an inquiry as to the processing of that Petition to Reopen. The applicant's attorney took this reasonably careful and duly diligent action *before* the undersigned held him to such a standard of care by the March 27, 1986 DECISION UPON HEARING AND FINDINGS AND AWARD.

The claimant then filed this petition for special action arguing that the administrative law judge misinterpreted the standard of "reasonable care and diligence" required by A.R.S. § 23–947(C).

The Workers' Compensation Act originally adopted by the Arizona legislature did not contain a provision for requesting a hearing to protest an award. *See* House Bill No. 227, Laws 1925, ch. 83. The Industrial Commission Rules of Procedure provided an administrative rehearing procedure, but only if the application was filed within twenty days. *See, e.g., Hale's Estate v. Industrial Comm'n*, 78 Ariz. 202, 277 P.2d 1014 (1954) (citing Rule 37, Arizona Rules of Procedure of the Industrial Commission). An award became final unless the application for rehearing was timely filed and no exceptions were recognized. *Id.*

In 1968, the legislature adopted a statutory hearing provision for the first time, contemporaneously with the introduction of "notices of claim status." *See* Laws 1968, 4th SS, ch. 6, § 20. A.R.S. § 23–947 required that a request for hearing be filed within sixty days [2] and contained no exceptions to that limitation period. Initially, the case law in Arizona treated the sixty-day period as final and the Industrial Commission was held to have no authority to waive or excuse a late filing of a hearing request.

A judicially created exception was first recognized by the Arizona Supreme Court

---

2. The 1980 amendment substituted "ninety days" for "sixty days" in subsection (A) of A.R.S. 23–947.

in *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972) (the Industrial Commission could excuse an untimely hearing request if there was a meritorious excuse, the delay was not excessive, and the effect was nonprejudicial to the carrier). Following *Parsons*, two additional judicially created exceptions were recognized. *See, e.g., Industrial Indemnity Co. v. Industrial Comm'n*, 27 Ariz.App. 296, 554 P.2d 892 (1976) (clerical errors); *Van Horn v. Industrial Comm'n*, 111 Ariz. 237, 527 P.2d 282 (1974) (estoppel based on employer or carrier representations).

In 1980, the legislature amended A.R.S. § 23–947, adding language which specifically prohibited the Industrial Commission or any court from excusing a late filing of a hearing request except in certain specifically enumerated situations. Thus, the legislature expressly repudiated the expansion of discretion granted to the Industrial Commission by *Parsons* and the decisions following it. *See Roman v. Arizona Dept. of Economic Sec.*, 130 Ariz. 581, 637 P.2d 1084 (App:1981); *cf. Allen v. Industrial Commission*, 152 Ariz. 405, 733 P.2d 290 (1987) (analogous limitation in A.R.S. § 23–1061 held to be constitutional). A.R.S. § 23–947, as amended, provides:

> B. ... The industrial commission or any court shall not excuse a late filing unless any of the following apply:
>
> 1. The person to whom the notice is sent does not request a hearing because of justifiable reliance on a representation by the commission, employer or carrier.
>
> 2. At the time the notice is sent the person to whom it is sent is suffering from insanity or legal incompetence or incapacity, including minority.
>
> 3. The person to whom the notice is sent shows by clear and convincing evidence that the notice was not received.
>
> C. The late filing shall not be excused under subsection B of this section if the person to whom the notice is sent or his legal counsel knew or, with the exercise of reasonable care and diligence, should

have known of the fact of the notice at any time during the filing period....

In the present case, the administrative law judge found that the claimant had established nonreceipt of the notice pursuant to subsection (B)(3) but that his attorney had failed to meet the standard required by subsection (C), which precluded excusing the untimely hearing request. The evidence was clear that neither the claimant nor attorney Rabinovitz knew of the notice during the hearing request filing period; however, the administrative law judge found that counsel would have known if he had exercised "reasonable care and due diligence." [3] In support of this finding, the administrative law judge cited *Black v. Industrial Comm'n*, 149 Ariz. 81, 716 P.2d 1018 (App.1985).

In *Black*, the insurance carrier issued a notice of claim status denying the claimant's claim and sent a copy of the notice to both the Industrial Commission and the claimant. The insurance carrier did not send a copy of the notice to the claimant's attorney, and he did not receive the actual notice of claim status until he made an inquiry to the Industrial Commission after the period for requesting a hearing had expired. During the ninety-day period, however, the claimant's attorney received two separate letters, one from the insurance carrier and one from the Industrial Commission, which clearly stated that the claimant's claim had been denied. The administrative law judge refused to excuse the claimant's untimely hearing request pursuant to A.R.S. § 23–947(C). He found that the two letters gave the claimant's attorney "constructive notice" of the notice of claim status and denial of the claim. This court affirmed the administrative law judge's award, stating in part:

> [C]laimant's request for hearing would not be excused under subsection C of the statute. Although evidence established that counsel did not receive the notice, counsel knew or with the exercise of reasonable care and diligence should

---

**3.** Although the administrative law judge specifically referred to the standard of "reasonable care and *due* diligence" in finding number 4, the word "due" is not contained in A.R.S. § 23–947(C).

have known, of the fact of the notice of claim status during the filing period. The carrier's July 27, 1983 letter sent to counsel stated that the carrier had submitted to the commission a notice of claim status denying benefits. Additionally, the letter received by claimant's counsel on August 10, 1983, from the Industrial Commission clearly informed counsel that the carrier had denied the claim.

149 Ariz. at 84, 716 P.2d at 1021. *Black* is the only Arizona case to apply this statutory reasonable diligence standard. Since, in the case presently before us, the administrative law judge has expanded on the application of the standard, we look to the rules of statutory construction.

■ This court's objective in interpreting a statute is to give effect to the legislative intent. *E.g., Foley v. Industrial Comm'n*, 151 Ariz. 522, 729 P.2d 326 (App. 1986). In interpreting a statute, this court will look to the statute as a whole and attempt to harmonize all of its sections. *Talley v. Industrial Comm'n*, 137 Ariz. 343, 670 P.2d 741 (App.1983). Statutes must be given a sensible construction to avoid an absurd result. *Lake Havasu City v. Mohave County*, 138 Ariz. 552, 675 P.2d 1371 (App.1983).

■ The instant case is clearly distinguishable from *Black*. In the instant case there was no correspondence or communication sent to the claimant or his attorney, calling their attention to the notice of claim status or the denial of the petition to reopen. Instead, the administrative law judge found that "reasonable care and due [sic] diligence" requires a claimant or his counsel to make "inquiries to the Industrial Commission and/or the State Compensation Fund within ninety days when no response to a petition to reopen ... [is] received." The Fund argues that this was a reasonable burden to impose on the claimant and his attorney. We disagree.

■ This interpretation of the standard would, for all practical purposes, render A.R.S. § 23–947(B)(3) meaningless. If this interpretation were taken to its extreme, a claimant represented by counsel would nev-

er be excused from an untimely hearing request pursuant to subsection (B)(3) (nonreceipt) because subsection (C) affirmatively would have required inquiries from counsel to the Industrial Commission within ninety days of filing the claim or petition to reopen. The failure to make these inquiries would preclude excusal even though it was clearly established that the notice was never received. We do not believe that subsection (C) was intended to impose a new burden on claimants; such an interpretation leads to an absurd result. Rather, we believe that subsection (C) is intended for situations such as that in *Black*, where there is "constructive notice" within the 90 day filing period which the claimant and/or his counsel fails to act upon.

We are also of the opinion that the administrative law judge's interpretation defeats the purpose of a notice of claim status. Such a notice is intended to provide information to the claimant and/or his attorney regarding the status of the claim. This interpretation would charge a claimant with notice of information contained in the notice of claim status that admittedly did not reach him through no fault of his own. We do not believe the legislature contemplated such a harsh, illogical result.

As a practical matter, under the administrative law judge's interpretation, questions would arise as to how often the claimant or his attorney should inquire or be required to review the file. In this case, attorney Rabinovitz wrote to the Industrial Commission on February 19 and 28, 1985, and to the State Compensation Fund on February 28, 1985, requesting that the claims files be referred from Phoenix to Tucson for his review. It cannot be determined from the record when or, for that matter, whether the files were referred from Phoenix to Tucson. Although one of these letters was sent before the petition was filed, it is clear that a second letter was sent after the filing. It is evident that the administrative law judge's interpretation would create a difficult standard to monitor, especially in those instances when the file has to be sent from Phoenix to Tucson.

We further note that in his decision upon review, the administrative law judge relied in part upon a letter written by the claimant's attorney to the Industrial Commission on March 11, 1986, inquiring about a separate petition to reopen that was filed on January 27, 1986. The record in this case was closed on March 24, 1986, at the end of testimony. Three days later, on March 27, 1986, the administrative law judge entered his award. There is no indication in the record that the administrative law judge was aware of claimant's counsel's letter until March 28, 1986. It is not until the decision upon review on May 30, 1986, that this letter is first mentioned and becomes one of the bases for the award.

As a general rule, the fact-finding process in workers' compensation claims ends at the conclusion of the last scheduled hearing. *Wood v. Industrial Comm'n,* 126 Ariz. 259, 614 P.2d 340 (App.1980). The rules for introducing newly discovered evidence applicable in civil cases are inapplicable in workers' compensation cases, *Cowan v. Industrial Comm'n,* 18 Ariz. App. 155, 500 P.2d 1143 (1972), and administrative review of awards is restricted to the record, *McDuffee v. Industrial Comm'n,* 15 Ariz.App. 541, 489 P.2d 1243 (1971). The claimant's attorney's letter was not properly a part of the record in this matter; nor do we believe that it was appropriately relied on by the administrative law judge for the first time in his decision upon review.

For all of the foregoing reasons, the award is set aside.

GRANT, P.J., and FIDEL, J., concur.