NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARIA G. SAMBRANO, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

KR CAPITAL, LLC., *Respondent Employer,*

EMPLOYERS COMPENSATION INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 14-0008
FILED 11-13-2014

---

Special Action – Industrial Commission
ICA Claim No. 20120-900270
Carrier Claim No.  2012163269
The Honorable Layna Taylor, Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Maria G. Sambrano, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Jones Skelton & Hochuli PLC, Phoenix
By Gregory L. Folger, Jennifer B. Anderson
*Counsel for Respondent Employer and Respondent Carrier*

---

**MEMORANDUM DECISION**

---

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge John C. Gemmill joined.

---

**N O R R I S**, Judge:

**¶1**　　　　In this special action review of an Industrial Commission of Arizona award and decision upon review, Petitioner Maria G. Sambrano argues the Administrative Law Judge ("ALJ") failed to consider medical records she submitted "on time" in denying her request for additional supportive care under Arizona Revised Statutes section 23-1061(J) (Supp. 2014).[1]　The record before us, however, does not support Sambrano's argument.

**¶2**　　　　Before the hearing on her request for additional supportive care, Sambrano submitted medical records from her treating physicians. With one exception, these records did not support her claim for additional supportive care.　The one exception was a March 15, 2013 progress report by her treating hand surgeon, Mark J. Leber, M.D., in which he stated "we will resume supportive care for [an] additional 3 months to allow for evaluation of repeat electrodiagnostic studies to assure that there is no worsening of her carpel tunnel syndrome."　At the hearing, however, the Respondent　　Employer　　and　　Respondent　　Carrier　　(collectively

---

[1]Although the Arizona Legislature amended this statute after Sambrano initiated her claim, the revision is immaterial to the resolution of this appeal.　Thus, we cite to the current version of the statute.

"Respondents") introduced an April 12, 2013 progress report from Dr. Leber returning Sambrano to "[r]egular work status from a hand standpoint" with no additional recommendation for supportive care. Respondents also introduced into evidence a report by Neal L. Rockowitz, M.D., a board-certified orthopedic surgeon, who examined Sambrano at their request. Dr. Rockowitz's report stated Sambrano was stationery without impairment regarding her "shoulder claim," and that supportive care was unwarranted.

¶3　　　　As the ALJ correctly noted in the award, Sambrano as the claimant bore the burden of proving her claim for supportive care benefits by a preponderance of the evidence. *See Malinski v. Indus. Comm'n*, 103 Ariz. 213, 216, 439 P.2d 485, 488 (1968). And, Sambrano also bore the responsibility of showing that such care was causally related to her industrial injury. *See Capuano v. Indus. Comm'n*, 150 Ariz. 224, 226-27, 722 P.2d 392, 394-95 (App. 1986). Further, the causal nexus between a medical condition and an industrial injury must generally be established by expert medical testimony. *Eldorado Ins. Co. v. Indus. Comm'n*, 27 Ariz. App. 667, 670, 558 P.2d 32, 35 (1976).

¶4　　　　Here, the ALJ essentially found Sambrano had failed to meet these requirements, stating "[t]he applicant has not submitted any medical evidence supporting her claim that she needs additional supportive care for symptoms which are related to her industrial injury." The ALJ's factual finding is supported by the evidence presented at the hearing, and as a reviewing court, we are obligated to consider the evidence in the light most favorable to sustaining the ALJ's award and will not re-weigh it. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398, 542 P.2d 1096, 1097 (1975).

¶5　　　　After the ALJ issued the award, the ALJ reviewed the award at Sambrano's request. In doing so, the ALJ considered medical records and other information submitted by Sambrano with her request for review. With one exception, these materials consisted of materials Sambrano had previously submitted to the ALJ before the hearing and which were considered by the ALJ before she issued the award. The one exception was a letter from Cheryl Villamor-Nierva, M.D. The ALJ refused to consider this letter, correctly explaining the record on review was limited to the evidence presented before the conclusion of the final hearing. *Epstein v. Indus. Comm'n*, 154 Ariz. 189, 195, 741 P.2d 322, 328 (App. 1987) (administrative review of award is restricted to the record in existence at the conclusion of the last scheduled hearing).

¶6       For the foregoing reasons, we affirm the ALJ's award.



Ruth A. Willingham · Clerk of the Court
FILED: gsh