NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

AMAL DANIEL, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

CONSTAR FINANCIAL SVC., *Respondent Employer*,

DEPOSITORS INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 16-0007
FILED 10-27-2016

---

Special Action - Industrial Commission
ICA Claim No. 20141-070044
Carrier Claim No. 22E80244
The Honorable Janet Weinstein, Administrative Law Judge

**AWARD AFFIRMED**

---

Amal Daniel, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent*

Jardine, Baker, Hickman & Houston, PLLC, Phoenix
By Terrence Kurth
*Counsel for Respondent Employer and Respondent Carrier*

---

## MEMORANDUM DECISION

Judge John C. Gemmill[1] delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**G E M M I L L**, Judge:

**¶1** Amal Daniel seeks special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review closing her industrial injury claim without permanent impairment. For the following reasons, we affirm.

## BACKGROUND

**¶2** Daniel was employed by Constar Financial Services as a collections department phone clerk. On April 8, 2014, she slipped and fell while at work, injuring her lower back. The next day, Daniel reported the incident to Human Resources and was sent for treatment at Concentra Medical Center, where she was diagnosed with a lower back strain. She was prescribed pain medication and physical therapy and released to work with some limitations.

**¶3** Daniel continued to work until April 11 and then took medical leave for more than two months to attempt to recover. Despite her time off of work and participation in physical therapy, Daniel continued to

---

[1] The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

experience constant pain in her lower back, radiating down to her legs. Daniel testified that as a result of the pain, she remained unable to work for an extended period of time.

¶4 On March 11, 2015, Constar's workers' compensation insurance carrier issued a notice of claim status deeming her medically stationary as of May 12, 2014 and closing her claim without permanent disability as of September 11, 2014. Daniel timely protested the closure, and the ICA scheduled a hearing. After the hearing, the Administrative Law Judge ("ALJ") determined that Daniel's condition was medically stationary as of September 11, 2014, and that she had not sustained any permanent impairment from this industrial injury. The ALJ awarded Daniel medical, surgical, and hospital benefits from the date of the injury on April 8, 2014 until September 11, 2014, as well as temporary total disability benefits from May 16, 2014 to June 16, 2014.

¶5 Daniel timely requested administrative review of the ALJ's decision, arguing the ALJ failed to consider all relevant evidence, including several reports outlining her medical history. The ALJ affirmed the award, and Daniel timely appeals. This court has jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2), 23-951(A), and Arizona Rules of Procedure for Special Actions 10.

## ANALYSIS

¶6 Upon review of the ICA's award, we defer to the ALJ's factual findings and consider the evidence in the light most favorable to upholding the award. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003); *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

¶7 In essence, Daniel argues the ALJ's decision was not supported by the evidence. She asserts the ALJ failed to review evidentiary documents "essential to providing the . . . evidence needed to reflect accurate time lost and complete medical compensation." Accordingly, she argues the ALJ incorrectly determined that she was medically stationary without permanent disability.

¶8 Daniel bases her argument, in part, on medical records she submitted for the first time with her request for review of the ALJ's award. But because those records were not timely filed with the ICA, we will not consider them. *See Epstein v. Indus. Comm'n*, 154 Ariz. 189, 195 (App. 1987) ("As a general rule, the fact-finding process in workers' compensation claims ends at the conclusion of the last scheduled hearing."); *see also* Ariz. Admin. Code R20-5-156(A)–(B) (requiring a party to request a continuance

in order to introduce additional evidence after the conclusion of a scheduled hearing).

¶9 To the extent that Daniel argues the ALJ failed to consider evidence that was timely filed before the conclusion of the ICA hearing, we presume the ALJ considered all relevant evidence in the absence of a reason in the record to conclude otherwise. *See Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975). Daniel has not overcome that presumption here. Our review of the record instead indicates the ALJ's findings were supported by competent evidence, including expert testimony.

¶10 At the hearing, the ALJ heard testimony from Daniel and two medical experts, William Salyer, M.D., and Dan Lieberman, M.D. Dr. Salyer conducted two independent medical examinations ("IMEs") of Daniel in addition to reviewing several years of Daniel's medical history. Dr. Salyer testified that in April 2013, Daniel complained of and received treatment for back pain resulting from injuries sustained in a motor vehicle accident. Dr. Salyer also reviewed Daniel's radiology reports, including an MRI of her spine. He testified that her physical symptoms were inconsistent with the radiology reports; the MRI showed some injury to the left side of her spine, but the bulk of Daniel's complaints were right-sided in nature. Dr. Salyer also concluded that as of September 11, 2014, Daniel's condition was stationary and there was no evidence of permanent impairment reasonably attributable to Daniel's industrial injury. In his second IME in July 2015, Dr. Salyer saw no significant change in comparison with the IME conducted in September 2014, and again concluded that Daniel's lower back pain was not likely related to her industrial injury.

¶11 Dr. Lieberman testified that, prior to conducting his IME, he reviewed only his own records and the verbal medical history Daniel provided to him. After reviewing Daniel's post-industrial-injury MRI and radiology reports, Dr. Lieberman opined that there was no way to tell with certainty whether Daniel's current injuries were caused by the industrial accident or by previous events. Nevertheless, Dr. Lieberman also stated it was his opinion that the industrial accident aggravated any previously-existing back injury Daniel may have had, and that she was in need of active medical treatment for such industrially-related aggravation.

¶12 On appeal, Daniel argues Salyer's conclusion that her back pain was pre-existing was incorrect, and accordingly, the ALJ erred by accepting Dr. Salyer's testimony over Dr. Lieberman's. When expert opinions conflict, it is the duty of the ALJ to resolve the conflict and

determine which opinion to accept. *Fry's Food Stores v. Indus. Comm'n*, 161 Ariz. 119, 121 (1989); *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609, ¶ 25 (App. 2000). This is particularly true in cases where, as here, the evidentiary conflict involves medical testimony that reasonably supports both parties' contentions. *See Perry*, 112 Ariz. at 398–99. Moreover, Daniel had the opportunity to, and did, cross-examine Dr. Salyer and present evidence to contradict his opinions. We recognize that, had it been accepted by the ALJ, Daniel's evidence and Dr. Lieberman's opinion testimony could have supported a decision in favor of Daniel. But, after having considered the testimony, qualifications, and experience of the both experts, *see Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988), the ALJ adopted the testimony of Dr. Salyer as "more probably correct." And Dr. Salyer's testimony was sufficient to support a determination that Daniel's injuries were medically stationary and that she suffered no permanent impairment. Therefore, because the conflict between the two medical experts' testimony was resolved "in such a way that [the ALJ's] findings are reasonably supported by the evidence," we find no abuse of discretion. *See Condos v. Indus. Comm'n*, 92 Ariz. 299, 301–02 (1962).

## CONCLUSION

¶**13**        Because competent evidence in the record supports the ALJ's determination that Daniel was medically stationary and had suffered no permanent impairment as of September 11, 2014, we affirm the award and decision upon review.



AMY M. WOOD • Clerk of the Court
FILED:  AA